IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

WILLIAM HOERNING                                                          PLAINTIFF

VS.                                                  CAUSE NO: _____

STATE FARM MUTUAL AUTOMOBILE
INSURANCE                                                                DEFENDANT

## NOTICE OF REMOVAL

COMES NOW, State Farm Mutual Automobile Insurance Company (misidentified as "State Farm Mutual Automobile Insurance" hereinafter "State Farm"), Defendant in this action originally filed in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis under cause number CT-005017-09, and respectfully files this Notice of Removal to the United States District Court for the Western District of Tennessee pursuant to 28 U.S.C.§§ 1332; 1441 and 1446, and would show the Court the following:

I.

This civil action was originally filed by Plaintiff against Defendant Douglas R. Tate (hereinafter "Tate") in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis on October 23, 2009 and proceeded in that court under cause number CT-005017-09.

II.

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon the defendant in this matter are attached hereto as collective Exhibit A.

III.

On February 26, 2010, subsequent to the filing of his original Complaint, Plaintiff filed a First Amended Complaint For Damages in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis naming State Farm as a defendant.

IV.

On August 24, 2010, the Circuit Court severed the claims against State Farm from those against Tate.

V.

State Farm's Notice of Removal is timely as it is filed within thirty (30) days of the entry of the Order Granting Motion for Severance, and within one year after commencement of the action.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b)

VI.

This Court has subject matter jurisdiction over this controversy because "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- (1) citizens of different States." 28 U.S.C. § 1332.

VII.

**PARTIES**

Plaintiff is an adult resident citizen of DeSoto County, Mississippi (Exh. A, Amended Complaint at ¶ 1); and State Farm is now and has at all relevant times been a corporation organized and existing under the laws of the State of Illinois and having its principal place of business in the State of Illinois.

VIII.

## DIVERSITY OF CITIZENSHIP

The first prong of 28 U.S.C. § 1332 is met as there exists complete diversity of citizenship between Plaintiff, whose residency for diversity purposes is the State of Mississippi, and State Farm, whose residency for diversity purposes is the State of Illinois pursuant to 28 U.S.C. § 1332(c)(1).

IX.

## AMOUNT IN CONTROVERSY

The second prong of 28 U.S.C. § 1332 is also met as the amount in controversy exceeds $75,000, exclusive of interest and costs.  Plaintiff's original Complaint against Defendant Tate demanded a judgment in the amount of $1,000,000 (Exh. A, Amended Complaint, *ad damnum*) and his First Amended Complaint against Defendants Tate and State Farm demands a judgment in the amount of $2,000,000 (Exh. B, *ad damnum*).  Thus, it is clear on the face of the pleadings that the damages sought by Plaintiff well exceed the minimum jurisdictional limit of this Court.

X.

## CONCLUSION

Based on the Circuit Court's severance of the claims against State Farm from those against Tate, this action is one which has now become removable pursuant to 28 U.S.C. §1446(b).  Pursuant to the requirements of 28 U.S.C. § 1446(d), a Notice of Filing, attaching a copy of this Notice as an exhibit thereto, will be filed with the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis. Furthermore, written notice of the filing of this Notice of Removal and copies of all related process, pleadings and orders will be served upon Plaintiff's counsel as required by law.

XI.

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm Mutual Automobile Insurance Company respectfully submits this Notice of Removal from the Circuit Court of Tennessee

for the Thirtieth Judicial District at Memphis, to the United States District Court for the Western

District of Tennessee.  Defendant requests any further relief to which it may be entitled.

        DATED: September 22, 2010

                              Respectfully submitted,

                              STATE FARM MUTUAL AUTOMOBILE
                              INSURANCE COMPANY (misidentified as State
                              Farm Mutual Automobile Insurance)

                BY:     */s/ Goodloe T. Lewis*
                              GOODLOE T. LEWIS, TNB # 20391
                              Hickman, Goza & Spragins, PLLC
                              Post Office Drawer 668
                              Oxford, MS 38655-0668
                              glewis@hickmanlaw.com
                              (662) 234-4000

## CERTIFICATE OF SERVICE

I, GOODLOE T. LEWIS, one of the attorneys for the Defendant, STATE FARM MUTUAL

AUTOMOBILE INSURANCE COMPANY, do hereby certify that I have on this date mailed the

foregoing document to all counsel of record:

Julian T. Bolton
Drayton D. Berkley
Law Office of Julian T. Bolton
81 Monroe Avenue, Ste. 400
Memphis, TN 38103

Darryl D. Gresham
Allen, Summers, Simpson, Lillie & Gresham
80 Monroe Avenue, Ste. 650
Memphis, TN   38103

Robert L. Moore
Heaton and Moore, P.C.
100 North Main Building, Ste. 3400
Memphis, TN   38103-0534

DATED: September 22, 2010

/s/ Goodloe T. Lewis
GOODLOE T. LEWIS, TNB # 20391
Hickman, Goza & Spragins, PLLC
Post Office Drawer 668
Oxford, MS 38655-0668
bhyneman@hickmanlaw.com
(662) 234-4000