**IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

WILLIAM HOERNING,

           Plaintiff,

vs.

                     No. CT-005017-09
                     DIVISION VI

DOUGLAS R. TATE,         JURY DEMANDED

           Defendants.

FILED

AUG 13 2010

CIRCUIT COURT CLERK
BY _____ DC

---

## NOTICE TO TAKE DEPOSITION

TO:    William Hoerning
        c/o Drayton D. Berkley, Esq.
        81 Monroe Avenue, Suite 400
        Memphis, TN 38103

The attorney for defendant, State Farm Insurance Company, will take the deposition of the plaintiff, William Hoerning, on Thursday, September 16, 2010, at 10:00 A.M. at the offices of Drayton D. Berkley, 81 Monroe Avenue, Suite 400, Memphis, TN 38103, upon oral examination pursuant to the Tennessee Rules of Civil Procedure before an officer duly authorized to administer oath.

Pursuant to TRCP 30.02(5) and TRCP 34, the witness is instructed to produce and permit copying of the following documents at her deposition:

    (1)    Her personal file, if any;

    (2)    All personal notes relevant to the issues;

    (3)    All relevant photographs; and

Exhibit "A"

(4)     All written or recorded statements of the defendant, or any of them, not previously produced.

The deposition shall continue from day to day until completed.

HEATON AND MOORE, P.C.

By: *Robert L. Moore*

Robert L. Moore (TN 11070)
*Attorney for State Farm Insurance Company*
100 North Main Bldg., Suite 3400
Memphis, TN 38103
(901) 526-5975

## CERTIFICATE OF SERVICE

I do hereby certify that a true and exact copy of the foregoing document has been mailed, by United State mail, postage prepaid, to the following:

Julian T. Bolton                          Darryl Gresham, Esq.
Drayton D. Berkley                        Allen, Summers, Simpson,
The Businessmen's Club                    Lillie & Gresham, PLLC
81 Monroe Avenue Suite 400                Brinkley Plaza, Suite 650
Memphis, TN 38103                         Memphis, TN 38109

Scot Spragins, Esq.
Hickman, Goza & Spragins
1305 Madison Ave.
PO Drawer 668

Dated this the _13_ day August, 2010.

*Robert L. Moore*

Robert L. Moore

F I L E D

**IN THE CIRCUIT COURT OF TENNESSEE**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS** AUG 1 8 2010

---

WILLIAM HOERNING
    Plaintiff,

vs.                            **CAUSE NO. CT-005017-09**
                                    **Division VI**

DOUGLAS R TATE

    Defendant

---

### NOTICE OF DEPOSITION FOR DOUGLAS R. TATE

---

The attorney for the plaintiff will take the deposition of the Defendant Tate for Thursday, September 16, 2010, at 11:00 p.m. The Law Office of Julian T. Bolton, 81 Monroe Avenue Ste 400, Memphis, Tennessee 38103, upon oral examination pursuant to the Tennessee Rules of Civil Procedure before an officer duly authorized to administer oath.

The deposition shall continue from day to day until completed.

Respectfully submitted,

**THE LAW OFFICE OF JULIAN T. BOLTON**

**DRAYTON D. BERKLEY, ESQ. (#022601)**
81 Monroe, Suite 400
Memphis, Tennessee 38103
Telephone: (901) 507-2521
Fax: (901) 507-1791

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a copy of the foregoing has been served upon counsel for the defendants of same in the U.S. Mail, first class postage paid and properly addressed to:

Mr. Brian Hyneman, Esq.
Hickman, Goza, & Spragins
1305 Madison Avenue
Oxford, MS 38655

Robert L. Moore
Heaton & Moore
100 North Main Ste 3400
Memphis, TN 38103

Attorneys for State Farm Auto Insurance Companies

Darryl D. Gresham
Allen, Summers, Simpson, Lillie & Gresham
80 Monroe Avenue Ste 650
Memphis, TN 38103
Attorney for Douglas R. Tate

This the 18th day of August 2010.

DRAYTON D. BERKLEY, ESQ. (#022601)

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

WILLIAM HOERNING

                                                                        PLAINTIFF

VS.                                             CAUSE: CT-005017-09-Division VI

STATE FARM MUTUAL AUTOMOBILE
INSURANCE and DOUGLAS R. TATE                             DEFENDANTS

### ORDER GRANTING MOTION FOR SEVERANCE
### ON BEHALF OF STATE FARM MUTUAL
### AUTOMOBILE INSURANCE COMPANY

CAME UPON FOR HEARING, the motion for severance on behalf of State Farm Automobile

Insurance Company, and after considering the pleadings and arguments of counsel, this Court finds State

Farm's motion well-taken.

IT IS THEREFORE ORDERED AND ADJUDGED that State Farm Mutual Automobile

Insurance Company (hereinafter "State Farm") SHALL BE SEVERED from the cause of action of

plaintiff against Douglas R. Tate and his unnamed uninsured motorist insurance company.  State Farm

shall be removed as a named party in the cause of action seeking uninsured motorist benefits, and the

cause of action of William Hoerning against State Farm for bad faith shall continue to be litigated as a

separate and distinct cause of action under docket number CT-005017-09.

SO ORDERED and ADJUDGED, this the 24th day of August, 2010.

_____
HONORABLE JERRY STOKES
CIRCUIT COURT JUDGE
DIVISION VI

Approved as to form by:

Drayton Berkley /w/ permission
DRAYTON D. BERKLEY, TNB #022601
Attorney for William Hoerning

J. BRIAN HYNEMAN, TNB # 023405
Attorney for State Farm Mutual
Automobile Insurance

DARRYL D. GRESHAM, TNB # 017380
Attorney for Douglas R. Tate

ROBERT L MOORE, TNB # 11070
Attorney for unnamed UM Carrier

## IN THE CIRCUIT COURT OF TENNESSEE
### FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**WILLIAM HOERNING**
    Plaintiff,

vs.

**CAUSE NO. CT-005017-09**
Division VI

**DOUGLAS R TATE**

    Defendant

FILED
AUG 2 3 2010
CIRCUIT COURT CLERK
BY D.C.

---

### RE-NOTICE OF TRIAL DEPOSITION FOR DR. GREGORY WOLF

The attorney for the plaintiff will take the deposition of Dr. Gregory Wolf on Wednesday, September 22, 2010, at 10:00 p.m. at Tabor Orthopaedics, 6005 Park Avenue, Memphis, Tennessee 38119, upon oral examination pursuant to the Tennessee Rules of Civil Procedure before an officer duly authorized to administer oath.

The deposition shall continue from day to day until completed.

Respectfully submitted

DRAYTON D. BERKLEY, ESQ.(#022601)
81 Monroe, Suite 400
Memphis, Tennessee 38103
Telephone: (901) 507-2521
Fax: (901) 507-1791

### CERTIFICATE OF SERVICE

The undersigned hereby certifies a copy of the foregoing has been served upon counsel for the defendants of same in the U.S. Mail, first class postage paid and properly addressed to:

Mr. Brian Hyneman, Esq.
Hickman, Goza, & Spragins
1305 Madison Avenue
Oxford, MS 38655

Mr. Robert L. Moore
Heaton & Moore
100 North Main Ste 3400
Memphis, TN 38103

Mr. Darryl D. Gresham
Allen, Summers, Simpson, Lillie & Gresham
80 Monroe Avenue Ste 650
Memphis, TN 38103

This the 20th day of August 2010.

DRAYTON D. BERKLEY, ESQ. (#022601)



**IN THE CIRCUIT COURT OF TENNESSEE**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

WILLIAM HOERNING
    Plaintiff,

vs.                              CAUSE NO. CT-005017-09
                                          **Division VI**

DOUGLAS R TATE

    Defendant

---

## AMENDED RE-NOTICE OF TRIAL DEPOSITION FOR DR. GREGORY WOLF

---

      The attorney for the plaintiff will take the deposition of Dr. Gregory Wolf

on Wednesday, September 22, 2010, at 10:00 p.m. at Tabor Orthopaedics, 1244

Primacy Parkway, Memphis, Tennessee 38119, upon oral examination

pursuant to the Tennessee Rules of Civil Procedure before an officer duly

authorized to administer oath.

      The deposition shall continue from day to day until completed.

Respectfully submitted

DRAYTON D. BERKLEY, ESQ.(#022601)
81 Monroe, Suite 400
Memphis, Tennessee 38103
Telephone: (901) 507-2521
Fax: (901) 507-1791

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a copy of the foregoing has been
served upon counsel for the defendants of same in the U.S. Mail, first class
postage paid and properly addressed to:

Mr. Brian Hyneman, Esq.
Hickman, Goza, & Spragins
1305 Madison Avenue
Oxford, MS 38655

Mr. Robert L. Moore
Heaton & Moore
100 North Main Ste 3400
Memphis, TN  38103

Mr. Darryl D. Gresham
Allen, Summers, Simpson, Lillie & Gresham
80 Monroe Avenue Ste 650
Memphis, TN 38103

This the 16th day of September 2010.

_____
DRAYTON D. BERKLEY, ESQ. (#022601)

## IN THE CIRCUIT COURT OF TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

WILLIAM HOERNING
    Plaintiff,

vs.

DOUGLAS R TATE

    Defendant.

*FILED*

*OCT 23 2009*

CAUSE NO. CT-005017-09

Division VI

CIRCUIT COURT CLERK
BY _____ D.C.

---

## COMPLAINT FOR DAMAGES
## JURY DEMANDED

---

**COMES NOW THE PLAINTIFF,** William Hoerning, by and through the undersigned counsel files this Complaint for damages, and in support thereof states as follows:

1.    The Plaintiff, William Hoerning, is an adult resident citizen of DeSoto County, Mississippi.

2.   The Defendant, Douglas R. Tate, is an adult resident citizen of Memphis Shelby County, Tennessee, residing at 6588 Finch Road Memphis, TN   38141. Defendant Tate may be served with process at that address.

3.    On or about July 12, 2007[1], Defendant Tate was proceeding northbound on Kirby headed towards Corsica.

4.    The Defendant, Tate, negligently rear-ended, Plaintiff, Hoerning, who was also traveling northbound on Kirby.

5.    As a result of the negligence of the Defendant, Tate the Plaintiff was severely

---

[1] This matter was previously filed as cause no. 1298305 in the Shelby County General Sessions Court. That

injured.

6.   The Defendant, Tate's negligence was directly and proximately caused the injuries sustained by the Plaintiff, Hoerning.

7.   The Defendant, Tate, breached his duty of reasonable care in failing to maintain a proper lookout, failing to maintain a reasonable and proper speed, failing to yield the right of way to the Plaintiff.

8.   The Defendant's negligence violates the following Tennessee statues and constitutes negligence *per se*:

(1) § 55-8-136  Drivers to exercise due care.

(2) § 55-8-124  Following Another Vehicle

9.   The Defendant's negligence violates the following ordinances of the City of Memphis and constitutes negligence *per se*:

(1) § 11-16-3. Duty to drive at a safe speed, maintain lookout, and keep vehicle under control.

(2) § 11-16-2. Duty to devote full time and attention to operating vehicle.

(3) § 11-16-20. Following too closely

10.   As a further direct and proximate result of the Defendant's negligence reasonable care, the Plaintiff has incurred past and future medical bills, past and future pain and suffering, mental anguish, past and future lost of earning capacity, past and future loss of enjoyment of life and scarring.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff, respectfully

cause was dismissed without prejudice on November 5, 2008.

requests that the Court render judgment in favor of the Plaintiff, William Hoerning in the

amount of $1,000,000.00 (One Million Dollars and no cents).

**FURTHER**, Plaintiff respectfully demands a jury to try this cause.

Respectfully submitted,

THE LAW OFFICE OF JULIAN T. BOLTON

JULIAN T. BOLTON, ESQ. (BPR #15378)
DRAYTON D. BERKLEY, ESQ. (BPR #020601)
**Attorney for Plaintiff**
The Businessmen's Club
81 Monroe Avenue, Suite 400
Memphis, Tennessee 38103

3

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

WILLIAM HOERNING                                                          PLAINTIFF

AUG 3 - 2010

VS.                      CIRCUIT COURT CLERK    CAUSE: CT-005017-09-Division VI
                         BY                D.C.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE and DOUGLAS R. TATE                                          DEFENDANTS

### STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S
### REBUTTAL IN SUPPORT OF MOTION FOR SEVERANCE

COMES NOW, Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), by and through the undersigned counsel, and respectfully files this, its Rebuttal in Support of Motion for Severance, stating unto the Court as follows:

I.

Plaintiff's claim against Douglas R. Tate ("Tate") is for liability arising out of an automobile accident and his claims against State Farm are for (1) uninsured motorist benefits and (2) bad faith.

II.

State Farm moved to sever the instant claims on the basis of improper joinder. In support of its motion, State Farm made certain stipulations regarding the uninsured motorist ("UM") claim. State Farm admitted the UM claim against it and the liability claim against Tate arise out of the same occurrence: the underlying motor vehicle accident. State Farm also admitted plaintiff is entitled to UM benefits if he proves Tate was negligent in causing the accident and the amount of his damages exceed the liability limits held by Tate at the time of the accident. Further, State Farm has agreed to be bound by any judgment entered against Tate, up to the applicable UM limits.

III.

Plaintiff responded to the motion to sever and did not challenge State Farm's position as to the UM claim. Instead, plaintiff alleged severance was improper because "[c]ontrary to State Farm's

contentions, there are common issues of fact essential to the adjudication of the underlying tort claim and the bad-faith claims." Plaintiff's Response to Motion for Severance, ¶ 4.  In light of State Farm's stipulations and plaintiff's response to same, it is undisputed that no question of law or fact common to plaintiff's liability claim against Tate and his UM claim against State Farm will arise in this action. Therefore, the only question that remains to be determined is whether the liability claim against Tate and the bad faith claims against State Farm are properly joined.

IV.

To deny a motion for severance, the Court must find that ***both*** of the Rule 20.01 prongs for permissive joinder have been met.  Thus, the Court must find that plaintiff has asserted a right to relief against Tate and State Farm which is "in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences" ***and*** that a "question of law or fact common to all defendants will arise in the action." TENN. R. CIV. P. 20.01.  This test cannot be met in this instance because, even if plaintiff is correct in his assertion that a common question of fact will arise, the alleged right to relief does not arise out of the same occurrence or series of occurrences.

V.

State Farm denies plaintiff has identified a common question of fact sufficient to satisfy the second prong of TENN. R. CIV. P. 20.01 because plaintiff has failed to show either a significant risk of "duplicity" or that the damages he seeks from both defendants arise from a "single indivisible injury" or the "aggravation of a specific injury." *Carr v. Higdon*, 665 S.W.2d 382, 383-85 (Tenn. Ct. App. 1983) (citations omitted).  Likewise, plaintiff has failed to show "one trier of fact could best handle the action" *id.* or "enough ultimate factual concurrences that it would be fair to the parties to require them to defend jointly against them." *Fred's Finance Co. v. Fred's of Dyersburg, Inc.*, 741 S.W.2d 903, 908 -909 (Tenn. Ct. App. 1987) (citations omitted).  The only common question of fact asserted

by plaintiff is "the severity of the [underlying] collision" and this question, standing alone, is simply insufficient to meet the permissive joinder test. Plaintiff's Response to Motion for Severance, ¶¶ 3-4.

## VI.

Even if plaintiff were able to show sufficient, ultimate factual concurrences to justify a joint defense of those allegations by State Farm and Tate, severance would still be merited because plaintiff has not and cannot meet the first prong of the permissive joinder test, i.e., a right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences. TENN. R. CIV. P. 20.01.

## VII.

In Mississippi, where direct actions against insurers for alleged bad faith breach of contract are more common, the two prong test for permissive joinder is the same as in Tennessee. *See* MISS. R. CIV. P. 20(a). In that jurisdiction, before an alleged "occurrence" will be found to meet the Rule 20(a) test, there must be a "distinct litigable event linking the parties." *Hegwood v. Williamson*, 949 So.2d 728, 730 -731 (Miss. 2007) (citation omitted). Where a bad faith breach of contract claim against an insurer and a tort liability claim against a third party are brought in a single action, the Mississippi Supreme Court has held that "[n]either prong of Rule 20(a) is met" and has noted that undue prejudice would arise "if the two claims were tried together" because the fact of "liability insurance would be placed squarely before the jury." *Id.* at 731.

## VIII.

In *Hegwood*, the court found that, to determine whether a "distinct litigable event linking the parties" exists, courts should consider:

> whether a finding of liability for one plaintiff essentially establishes a finding for all plaintiffs, indicating that proof common to all plaintiffs is significant. The appropriateness of joinder decreases as the need for additional proof increases. If plaintiffs allege a single, primary

wrongful act, the proof will be common to all plaintiffs; however separate proof will be required where there are several wrongful acts by several different actors. The need for separate proof is lessened only where the different wrongful acts are similar in type and character and occur close in time and/or place.

*Id.* (quoting *Ill. Cent. R.R. v. Gregory*, 912 So.2d 829, 834-35 (Miss. 2005)).

IX.

Based on the above analysis, the *Hegwood* court found that third party tort claims and first party breach of contract and bad faith claims involve distinct litigable events.

The claims against Williamson and State Farm arise out of separate allegations of wrongdoing occurring at separate times. While it is true that the genesis of both claims arose out of the accident, the two claims involve different factual issues and different legal issues. The car accident raises fact issues of how the accident occurred and legal issues of simple negligence (duty, breach of duty, proximate causation, and damages). The breach of contract and bad faith claims raise fact issues of what occurred between the two insurance adjusters and how they made their decisions and legal issues of interpretation of insurance policies and bad faith under which an award of punitive damages may or may not be appropriate. The negligence claim would be proven by different witnesses (the two drivers, eyewitnesses to the accident, law enforcement, and accident re-enactment experts) from that of the bad faith claim (insurance agents and management).

*Id.*

X.

Here, the Court is confronted with a set of operative facts which are indistinguishable from those at issue in *Hegwood*, a Mississippi case wherein the court found that a bad faith claim and a liability claim were improperly joined pursuant to a Mississippi rule of civil procedure which is indistinguishable from its Tennessee counterpart. In light of the totality of the circumstances before this Court, including but not limited to the parties' admission that Mississippi substantive law governs the instant bad faith claim, the *Hegwood* analysis and result should be highly persuasive. Here, as there, the Court should find that plaintiff's liability claim arises out of a motor vehicle accident while

his bad faith claims arise out of an entirely separate occurrence – the handling of a claim for benefits under an insurance policy.  The Court should find that these separate allegations of wrongdoing occurred at different times, involve different factual and legal issues, and will require the testimony of different witnesses and the presentation of different evidence.  Given these facts and this analysis, this Court should find that plaintiff is simply unable to meet the permissive joinder test and, as a result, the claims against State Farm and Tate should be severed.  TENN. R. CIV. P. 21.

XI.

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm respectfully requests that this Court grant the relief requested in its Motion to Sever.  State Farm further requests any additional relief the Court may find warranted in the premises.

Respectfully submitted,

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY (misidentified as State
Farm Mutual Automobile Insurance)

HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
P.O. Drawer 668
Oxford, MS 38655-0668
662-234-4000 telephone

J. BRIAN HYNEMAN, TNB # 023405

## CERTIFICATE OF SERVICE

I, J. BRIAN HYNEMAN, one of the attorneys for the Defendant, STATE FARM MUTUAL

AUTOMOBILE INSURANCE COMPANY, do hereby certify that I have on this date mailed the

foregoing document to all counsel of record:

Julian T. Bolton
Drayton D. Berkley
Law Office of Julian T. Bolton
81 Monroe Avenue, Ste. 400
Memphis, TN 38103

Darryl D. Gresham
Allen, Summers, Simpson, Lillie & Gresham
80 Monroe Avenue, Ste. 650
Memphis, TN  38103

Robert L. Moore
Heaton and Moore, P.C.
100 North Main Building, Ste. 3400
Memphis, TN  38103-0534

THIS, the 2nd day of August, 2010.

J. BRIAN HYNEMAN

J. BRIAN HYNEMAN, TNB # 023405
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

WILLIAM HOERNING                                                           PLAINTIFF

                                    JUL 2 9 2010

VS.                                                      CAUSE: CT-005017-09-Division VI
                         CIRCUIT COURT CLERK
                         BY_____ D.C.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE and DOUGLAS R. TATE                                            DEFENDANTS

## CERTIFICATE OF CONSULTATION IN ACCORDANCE WITH LOCAL RULE 5

COMES NOW, counsel for Defendant State Farm Mutual Automobile Insurance Company (misidentified at State Farm Mutual Automobile Insurance), and hereby certifies to the Court that he has consulted via telephone conference on or about July 27, 2010 with Plaintiff's counsel and email correspondence with Co-defendant's counsel with regard to the Motion for Severance which was filed on or about June 15, 2010. Undersigned counsel has consulted with counsel for Plaintiff and Co-defendant with respect to a motion hearing date, and to the extent possible, the content of the motion.

Respectfully submitted,

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY (misidentified as State
Farm Mutual Automobile Insurance)

HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
P.O. Drawer 668
Oxford, MS 38655-0668
662-234-4000 telephone
662-234-2000 facsimile

J. BRIAN KONEMAN, TNB # 023405

## CERTIFICATE OF SERVICE

I, J. BRIAN HYNEMAN, one of the attorneys for the Defendant, STATE FARM MUTUAL

AUTOMOBILE INSURANCE COMPANY, do hereby certify that I have on this date mailed the

foregoing document to all counsel of record:

Julian T. Bolton
Drayton D. Berkley
Law Office of Julian T. Bolton
81 Monroe Avenue, Ste. 400
Memphis, TN 38103

Darryl D. Gresham
Allen, Summers, Simpson, Lillie & Gresham
80 Monroe Avenue, Ste. 650
Memphis, TN   38103

Robert L. Moore
Heaton and Moore, P.C.
100 North Main Building, Ste. 3400
Memphis, TN   38103-0534

THIS, the 28<u>th</u> day of July, 2010.

J. BRIAN HYNEMAN

J. BRIAN HYNEMAN, TNB # 023405
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000

-2-

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

WILLIAM HOERNING                                                                    PLAINTIFF

VS.                                                                 CAUSE: CT-005017-09-Division VI

STATE FARM MUTUAL AUTOMOBILE
INSURANCE and DOUGLAS R. TATE                                       DEFENDANTS

## NOTICE OF SERVICE OF DISCOVERY

**TO:**   Counsel

Please take notice that the Defendant, State Farm Mutual Automobile Insurance Company (misidentified as "State Farm Mutual Automobile Insurance"), has this day filed with the clerk of the court, this Notice of Service of Discovery and, simultaneously therewith, forwarded to counsel as above shown copies of:

1.   First Set of Interrogatories Propounded to Plaintiff; and
2.   First Set of Requests for Production of Documents Propounded to Plaintiff.

The undersigned counsel of record retains the originals of these discovery requests as custodian thereof pursuant to local court rule.

Respectfully submitted,

STATE   FARM   MUTUAL   AUTOMOBILE
INSURANCE   COMPANY   (misidentified   as   State
Farm Mutual Automobile Insurance)

HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
P.O. Drawer 668
Oxford, MS 38655-0668
662-234-4000 telephone
662-234-2000 facsimile

J. BRIAN HYNEMAN, TNB # 023405

## CERTIFICATE OF SERVICE

I, J. BRIAN HYNEMAN, one of the attorneys for the Defendant, STATE FARM MUTUAL

AUTOMOBILE INSURANCE COMPANY, do hereby certify that I have on this date mailed the

foregoing document to all counsel of record:

Julian T. Bolton
Drayton D. Berkley
Law Office of Julian T. Bolton
81 Monroe Avenue, Ste. 400
Memphis, TN 38103

Darryl D. Gresham
Allen, Summers, Simpson, Lillie & Gresham
80 Monroe Avenue, Ste. 650
Memphis, TN  38103

THIS, the 18ᵗʰ day of June, 2010.

J. BRIAN HYNEMAN

J. BRIAN HYNEMAN, TNB # 023405
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

FILED
JUL 22 2010
CIRC_____CLERK
BY_____
D.C.

**WILLIAM HOERNING**
    **Plaintiff**

**vs.**

CAUSE NO. CT-005017-09
Division VI

**STATE FARM MUTUAL AUTOMOBILE INSURANCE and
DOUGLAS R TATE**

    **Defendants**

---

## RESPONSE TO MOTION FOR SEVERANCE WITH AUTHORITY

---

**COMES NOW THE PLAINTIFF,** William Hoerning, by and through the undersigned counsel and responds to State Farm's Motion to Sever and would show this Honorable Court the following:

1.   State Farm has stipulated that Mississippi insurance and insurance bad-faith substantive law applies to this claim.   State Farm's Answer to First Amended Complaint, Fifth and Sixth Defense, page 2.

2.   Bad-Faith insurance conduct has three aspects[1]: (1) bad-faith failure to properly investigate (2) bad –faith delay in payment and (3) bad-faith refusal to pay.   *Windom v. Marshall*, 926 So.2d 867   (Miss. 2006); *Employers Mutual Casualty v. Tomkins*, 490 So.2d 897   (Miss. 1986).

3.   The bad-faith failure to properly investigate prong involves facts that are common to both the bad-faith claim and the tort claims against Douglas

---

[1] All of which were alleged at paragraph 17 of the First Amended Complaint.

Tate.     The severity of the collision between the vehicle operated by Defendant Tate and the vehicle operated by Plaintiff is an issue for the jury to consider in awarding damages.  Tate indicated in his responses to request for production that he had to replace the radiator in his vehicle as a proximate result the collision with Hoerning's vehicle.  The severity of the impact and State Farm's investigation of it are also at issue in the bad-faith claim. According to the claim notes, State Farm did not take any photographs of the damage to Tate's vehicle and may have only relied on the photographs taken by Tate's insurer to determine whether the collision was significant impact. This deficient and bad-faith investigation proximately caused the bad faith refusal to pay benefits and delay in paying benefits.

    4.    Contrary to State Farm's contentions, there are common issues of fact essential to the adjudication of the underlying tort claim and the bad-faith claims.   Tate's testimony regarding the damage to his vehicle would be required in both the underlying tort claim and the bad-faith claims. Accordingly, State Farm's Motion to Server should be denied.

    5.    State Farm's reliance upon Tenn. Code Ann. Section 56-7-1206(a) is misplaced as set forth in the Rebuttal to State Farm's Response to the Motion to Amend the Complaint, paragraph 4, and articulated in the case of *Shupe v. Simcox*, 2009 WL 3152810, pp2-3 (ED Tenn. Sept. 28, 2009).   A copy of this authority is attached as Exhibit E to the Plaintiff's Rebuttal to State Farm's Response to Motion to Amend Complaint. *Griffin* does not apply as *Griffin*

2

involved a Tennessee uninsured motorist policy and Tennessee substantive law

applied. Here, we are dealing with a Mississippi uninsured motorist policy and

Mississippi substantive law applies.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff, respectfully

requests that the Court deny State Farm Mutual Automobile Insurance

Company's Motion to Sever.

Respectfully submitted,

THE LAW OFFICE OF JULIAN T. BOLTON

_____

**JULIAN T. BOLTON, ESQ.** (BPR #15378)
**DRAYTON D. BERKLEY, ESQ.** (BPR#020601)
**Attorney for Plaintiff**
The Businessmen's Club
81 Monroe Avenue, Suite 400
Memphis, Tennessee 38103

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and exact copy of the foregoing document has been served upon the below listed counsel, via the United States mail, posted pre-paid this 22nd day of July 2010.

Mr. Brian Hyneman, Esq.
Hickman, Goza, & Spragins
1305 Madison Avenue
Oxford, MS 38655

Robert L. Moore
Heaton & Moore
100 North Main Ste 3400
Memphis, TN 38103

Attorneys for State Farm Auto Insurance Companies

Darryl D. Gresham

3

Allen, Summers, Simpson, Lillie & Gresham
    80 Monroe Avenue Ste 650
    Memphis, TN 38103
    Attorney for Douglas R. Tate

Drayton D. Berkley

4

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

WILLIAM HOERNING                                          PLAINTIFF

JUN 18 2010

VS.                    CIRCUIT COURT CLERK        CAUSE: CT-005017-09-Division VI
                       BY _____ D.C.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE and DOUGLAS R. TATE                           DEFENDANTS

### CERTIFICATE OF CONSULTATION IN ACCORDANCE WITH LOCAL RULE 5

COMES NOW, counsel for Defendant State Farm Mutual Automobile Insurance Company
(misidentified at State Farm Mutual Automobile Insurance), and hereby certifies to the Court that he
has consulted via telephone conference with Plaintiff's counsel and email correspondence with Co-
defendant's counsel with regard to the Motion for Severance which was filed on or about June 15,
2010.  Undersigned counsel has consulted with counsel for Plaintiff and Co-defendant with respect to
a motion hearing date, and to the extent possible, the content of the motion.

Respectfully submitted,

STATE   FARM   MUTUAL   AUTOMOBILE
INSURANCE COMPANY (misidentified as State
Farm Mutual Automobile Insurance)

HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
P.O. Drawer 668
Oxford, MS 38655-0668
662-234-4000 telephone
662-234-2000 facsimile

_____
J. BRIAN HYNEMAN, TNB # 023405

## CERTIFICATE OF SERVICE

I, J. BRIAN HYNEMAN, one of the attorneys for the Defendant, STATE FARM MUTUAL

AUTOMOBILE INSURANCE COMPANY, do hereby certify that I have on this date mailed the

foregoing document to all counsel of record:

Julian T. Bolton
Drayton D. Berkley
Law Office of Julian T. Bolton
81 Monroe Avenue, Ste. 400
Memphis, TN 38103

Darryl D. Gresham
Allen, Summers, Simpson, Lillie & Gresham
80 Monroe Avenue, Ste. 650
Memphis, TN  38103

THIS, the **16** day of June, 2010.

J. BRIAN HYNEMAN

J. BRIAN HYNEMAN, TNB # 023405
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

WILLIAM HOERNING                                                              PLAINTIFF

JUN 15 2010

VS.                           CIRCUIT COURT CLERK   CAUSE: CT-005017-09-Division VI
                              BY                D.C.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE and DOUGLAS R. TATE                                                DEFENDANTS

## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S
## MOTION FOR SEVERANCE

COMES NOW, Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), by and through the undersigned counsel, and pursuant to the Tennessee Rules of Civil Procedure, and respectfully files this, its Motion For Severance, stating unto the Court as follows:

I.

This cause of action arises out of a motor vehicle accident involving William Hoerning and Douglas R. Tate ("Tate"). *See* First Amended Complaint, Exhibit A. Plaintiff's claims against Tate for compensatory damages arise out of allegations to the effect that Plaintiff was "negligently rear-ended" and "severely injured" by Tate, who allegedly breached certain common law duties and violated certain statutes and ordinances. *Id.* ¶¶ 5-10. Plaintiff's claims against State Farm arise out of allegations to the effect that State Farm refused to settle Plaintiff's uninsured motorist ("UM") claim and refused his demands for the full amount of the "stacked" uninsured motorist coverages potentially available to him. *Id.* at ¶¶ 15-16. Plaintiff further alleges State Farm had "no arguable reason" for its decisions, and committed tortious breach of contract and bad faith, for which extra-contractual and punitive damages have been demanded. *Id.* at ¶¶ 17-18.

II.

In response to Plaintiff's claim for UM benefits, State Farm agrees that the vehicle driven by Tate meets the policy and statutory definition of an uninsured motor vehicle (*see* TENN. CODE ANN.

§ 56-7-1202), thereby entitling Plaintiff to UM benefits *if* he proves Tate was negligent in causing his damages and the amount of said damages. State Farm further agrees, should a judgment be entered against Tate in favor of Plaintiff, State Farm will be bound by said judgment, up to the applicable limits of the policy under which Plaintiff seeks recovery. In response to Plaintiff's claims for tortious breach of contract and bad faith, State Farm denies it breached any duty owed to Plaintiff and affirmatively states that it had, at all times, an arguable and legitimate basis for its decisions.

III.

In light of State Farm's stipulations as to the UM claims and the fact that the tortious breach of contract and bad faith claims against it involve questions of law and fact which are entirely separate and distinct from the negligence and property damage claims made against Tate, State Farm believes the claims against it should be severed from those against Tate.

IV.

When the above stipulations are considered, the only purpose for keeping State Farm in this case would be to serve as a prejudicial lighting rod for the jury. The use of insurance coverage in this fashion is improper: "Evidence that a person was or was not insured against liability is not admissible upon issues of negligence or other wrongful conduct." TENN. R. EVID. 411. Clearly, the rationale behind Rule 411 is to prevent the jury from deciding the case on improper grounds, and the jury would be doing exactly that if it based its decision on knowledge that State Farm would have to pay any judgment rendered against Tate. Moreover, it is certain that any reasonable juror would infer the existence of insurance coverage by the virtue of the presence of State Farm in the action.

V.

In light of the stipulations State Farm has made through this motion, the only reason to retain it as a defendant would be to encourage the jury to use information regarding liability insurance in an

improper fashion. This would be in direct contradiction of Tennessee law dictating that a plaintiff not name an uninsured motorist carrier in an action against a third-party tortfeasor. TENN. CODE ANN. § 56-7-1206(a); *Griffin v. Shelter Mut. Ins. Co.*, 18 S.W.3d 195, 198 (Tenn. 2000) (pursuant to uninsured motorist statute, "suit has to be brought against the uninsured motorist, with the fact of insurance excluded as a possible prejudicing factor, as in any other such case") (citing *Glover v. Tenn. Farmers Mut. Ins. Co.*, 225 Tenn. 306, 468 S.W.2d 727, 730 (Tenn.1971)). Furthermore, requiring State Farm to remain in this action will hinder Tate's ability of ably contest liability and damages.

VI.

The test for permissive joinder of defendants is two-pronged: "All persons may be joined in one action as defendants if [1] there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and [2] if any question of law or fact common to all defendants will arise in the action." TENN. R. CIV. P. 20.01. To deny a motion for severance, the Court must find that both of the Rule 20.01 prongs have been met. *Id.* If they are not met, severance is the proper remedy. TENN. R. CIV. P. 21: "Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." *See also* Advisory Commission Comment to Rule 20.01 stating "the court is empowered to order separate trials or make other orders necessary to prevent delay or prejudice."

VII.

Plaintiff has asserted an UM claim against State Farm that arises out of the same occurrence as his liability claim against Tate: the underlying motor vehicle accident. However, his claims against State Farm for tortious breach of contract and bad faith arise out of an entirely separate occurrence:

-3-

the handling of a claim for benefits under an insurance policy. None of the factual or legal allegations against Tate have any bearing on these claims, i.e., there is not now, nor has there ever been, a question of law or fact related to the tortious breach of contract and bad faith claims which is common to both defendants. TENN. R. CIV. P. 20.01. Furthermore, given State Farm's stipulation that Tate is an uninsured motorist and that State Farm is bound by any judgment rendered against Tate, up to its policy limits, there is no longer a common question of law or fact related to the UM claim.

VIII.

In light of State Farm's stipulations, State Farm calls for Plaintiff to show any reason, other than inciting the prejudice of the jury, that demonstrates why State Farm should remain in this action.

IX.

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm respectfully requests that this Court sever Plaintiff's claims against State Farm from her claims against Defendant Douglas R. Tate. If Mr. Tate is found negligent and damages are proven, State Farm agrees that Mr. Tate is an "underinsured motorist" and agrees to be bound by any judgment within the applicable policy limit.

Respectfully submitted,

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY (misidentified as State
Farm Mutual Automobile Insurance)

HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
P.O. Drawer 668
Oxford, MS 38655-0668
662-234-4000 telephone
662-234-2000 facsimile

J. BRIAN HYNEMAN, TNB # 023405

-4-

## CERTIFICATE OF SERVICE

I, J. BRIAN HYNEMAN, one of the attorneys for the Defendant, STATE FARM MUTUAL

AUTOMOBILE INSURANCE COMPANY, do hereby certify that I have on this date mailed the

foregoing document to all counsel of record:

Julian T. Bolton
Drayton D. Berkley
Law Office of Julian T. Bolton
81 Monroe Avenue, Ste. 400
Memphis, TN 38103

Darryl D. Gresham
Allen, Summers, Simpson, Lillie & Gresham
80 Monroe Avenue, Ste. 650
Memphis, TN  38103

THIS, the 14th day of June, 2010.

J. BRIAN HYNEMAN

J. BRIAN HYNEMAN, TNB # 023405
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000

02/26/2010 FRI 18:09  FAX 901 507 1791 Horne & Walls, PLLC.                 ☎002/013

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**WILLIAM HOERNING**
        **Plaintiff**

vs.

                                        CAUSE NO. CT-005017-09
                                             Division VI

**STATE FARM MUTUAL AUTOMOBILE INSURANCE** and
**DOUGLAS R TATE**

        **Defendant**

---

## FIRST AMENDED COMPLAINT FOR DAMAGES
## JURY DEMANDED

---

COMES NOW THE PLAINTIFF, William Hoerning, by and through the

undersigned counsel files this Complaint for damages, and in support thereof

states as follows:

12. The Plaintiff, William Hoerning, is an adult resident citizen of DeSoto

   County, Mississippi.

13. The Defendant State Farm Mutual Automobile Insurance Company is on

information and belief a insurance corporation organized and existing pursuant

to the laws of the State of Illinois with its principal place of business at

Bloomington, Illinois.    State Farm may be served with process by service on

its attorney of record.

*Tort and UM Claims*

14. The Defendant, Douglas R. Tate, is an adult resident citizen of Memphis

Shelby County, Tennessee, residing at 6588 Finch Road Memphis, TN  38141.

**EXHIBIT** A

03/25/2010 23:01 FAX                                                      004/016
                                                                          003/013

02/26/2010 FRI 18:09  FAX 901 507 1791 Horne & Wells, PLLC.

Defendant Tate may be served with process at that address. This Defendant may also be served by service on his attorney of record.

4.     On or about July 12, 2007[1], Defendant Tate was proceeding northbound on Kirby headed towards Corsica.

5.   The Defendant, Tate, negligently rear-ended, Plaintiff, Hoerning, who was also traveling northbound on Kirby.

6.   As a result of the negligence of the Defendant, Tate the Plaintiff was severely injured.

7.   The Defendant, Tate's negligence was directly and proximately caused the injuries sustained by the Plaintiff, Hoerning.

8.   The Defendant, Tate, breached his duty of reasonable care in failing to maintain a proper lookout, failing to maintain a reasonable and proper speed, failing to yield the right of way to the Plaintiff.

9.   The Defendant's negligence violates the following Tennessee statues and constitutes negligence *per se*:

   (1) § 55-8-136  Drivers to exercise due care.

   (2) § 55-8-124  Following Another Vehicle

10.  The Defendant's negligence violates the following ordinances of the City of Memphis and constitutes negligence *per se*:

   (1) § 11-16-3. Duty to drive at a safe speed, maintain lookout, and keep
       vehicle under control.

---

[1] This matter was previously filed as cause no. 1298305 in the Shelby County General Sessions Court. That

2

(2) § 11-16-2. Duty to devote full time and attention to operating vehicle.

(3) § 11-16-20. Following too closely

11. As a further direct and proximate result of the Defendant's negligence reasonable care, the Plaintiff has incurred past and future medical bills, past and future pain and suffering, mental anguish, past and future lost of earning capacity, past and future loss of enjoyment of life and scarring.

*Mississippi Bad Faith Investigation, Delay, Refusal and Tortious Breach of*
*Uninsured Motorist Coverage Claims*

12. The Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

13. At all material times, Plaintiff was a resident of the State of Mississippi and his insurance policies were delivered in the State of Mississippi and accordingly, Mississippi insurance and bad faith law apply with regards to construction and application of the uninsured motorist provisions of the policies and the application of Mississippi bad faith principles.

14. On or about July 12, 2007, Plaintiff was an uninsured motorist insured under three State Farm policies: C159-281-24F, 0555-205-24A, and 1944-542-24N.

15. On or about October 3, 2008, State Farm refused a demand submitted by the Plaintiff in April 14, 2008 to settle his uninsured motorist claim.

16. On or about January 6, 2010, State Farm refused a second demand

cause was dismissed without prejudice on November 5, 2008.

3

submitted by the Plaintiff on December 16, 2009 for the "stacked" uninsured motorist coverages available to him.

17.  State Farm has no arguable reason to deny the Plaintiff the remaining uninsured motorist benefits available to him.  State Farm' s consistent failure to pay these benefits constitutes a tortuous breach of contract and a bad faith refusal to pay rightfully owing uninsured motorist benefits, bad faith failure to properly investigate the claim, and a bad faith delay in payment in uninsured motorist benefits.

18.  State Farms Failure tortuous and bad faith conduct regarding Plaintiffs uninsured motorist benefits proximately caused plaintiff to suffer extra-contractual and consequential damages including attorney fees, and costs of litigation.   State Farm's bad faith conduct entitles Plaintiff to a further award of punitive damages as well as attorney fees and expenses.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, respectfully requests that the Court render judgment in favor of the Plaintiff, William Hoerning in the amount of $2,000,000.00 (Two Million Dollars and no cents).

FURTHER, Plaintiff respectfully demands a jury to try this cause.

Respectfully submitted,

THE LAW OFFICE OF JULIAN T. BOLTON

JULIAN T. BOLTON, ESQ.  (BPR #15378)
DRAYTON D. BERKLEY, ESQ. (BPR#020601)
Attorney for Plaintiff
The Businessmen's Club
81 Monroe Avenue, Suite 400

4

Memphis, Tennessee 38103

CERTIFICATE OF SERVICE

The undersigned hereby certifies a copy of the foregoing has been

served upon counsel for the defendants of same in the U.S. Mail, first class

postage paid and properly addressed to:

Robert L. Moore
Heaton and Moore, P.C.
100 North Main Building, Suite 3400
Memphis, Tennessee  38103-0534

Darryl D. Gresham
Allen, Summers, Simpson, Lillie & Gresham
80 Monroe Avenue Ste 650
Memphis, TN 38103

This the 26th day of February 2010.

5

E:\BOLTON\CLIENT\HOENJ\PLEADING\N041-11 FIRST AMENDED COMPLAINT.DOC(1).wm

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

WILLIAM HOERNING                                                    PLAINTIFF

VS.                                              CAUSE: CT-005017-09-Division VI

STATE FARM MUTUAL AUTOMOBILE
INSURANCE and DOUGLAS R. TATE                         DEFENDANTS

**FILED**
MAY 26 2010
CIRCUIT COURT CLERK
BY _____ D.C.

## NOTICE OF SERVICE OF DISCOVERY

**TO:**   Counsel

Please take notice that the Defendant, State Farm Mutual Automobile Insurance Company

(misidentified as "State Farm Mutual Automobile Insurance"), has this day filed with the clerk of

the court, this Notice of Service of Discovery and, simultaneously therewith, forwarded to counsel

as above shown copies of:

  1.   Responses to Plaintiff's Second Set of Interrogatories and Requests for Production
       of Documents.

The undersigned counsel of record retains the originals of these discovery requests as

custodian thereof pursuant to local court rule.

Respectfully submitted,

STATE   FARM   MUTUAL   AUTOMOBILE
INSURANCE COMPANY (misidentified as State
Farm Mutual Automobile Insurance)

HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
P.O. Drawer 668
Oxford, MS 38655-0668
662-234-4000 telephone
662-234-2000 facsimile

J. BRIAN HOUEMAN, TNB # 023405

## CERTIFICATE OF SERVICE

I, J. BRIAN HYNEMAN, one of the attorneys for the Defendant, STATE FARM MUTUAL

AUTOMOBILE INSURANCE COMPANY, do hereby certify that I have on this date mailed the

foregoing document to all counsel of record:

Julian T. Bolton
Drayton D. Berkley
Law Office of Julian T. Bolton
81 Monroe Avenue, Ste. 400
Memphis, TN 38103

Darryl D. Gresham
Allen, Summers, Simpson, Lillie & Gresham
80 Monroe Avenue, Ste. 650
Memphis, TN  38103

THIS, the __25th__ day of May, 2010.

J. BRIAN HYNEMAN

J. BRIAN HYNEMAN, TNB # 023405
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000

FILED

MAY 2 0 2010

CIRCUIT COURT CLERK
BY _____ D.C.

# IN THE CIRCUIT COURT OF TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

WILLIAM R. HOERNING,

    Plaintiff,

VS.                              NO. CT-005017-09 Div. VI

DOUGLAS R. TATE and STATE FARM
INSURANCE COMPANY,

    Defendants.

---

## RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
## AND REQUEST FOR PRODUCTION OF DOCUMENTS

---

COMES NOW the Defendant, Douglas R. Tate, and in response to Plaintiff's First Set of Interrogatories and Request for Production of Documents, would answer as follows:

**INTERROGATORY NO. 1:**    Please set forth the name, business and residence address, and telephone number of each person known to you who provided any information, of whatever nature or description, relating to any of your answers to these interrogatories.

    **ANSWER:**    Douglas R. Tate
                    6588 Finch Road
                    Memphis, Tennessee 38141
                    (901) 795-8690

                    Darryl D. Gresham, Esq.
                    Allen, Summers, Simpson, Lillie & Gresham PLLC
                    80 Monroe Avenue, Suite 650
                    Memphis, Tennessee 38103
                    (901) 763-4200

27138

**INTERROGATORY NO. 2**:     Please set forth your version of how the accident, which is the subject of this Complaint, occurred.

**ANSWER**:   I was going to work traveling northbound on Kirby almost to Corsica when a lady was waving her hands in the air on the west side of the street. I looked for a split second at her and when I looked back the Plaintiff was slamming on his brakes. I immediately applied my brakes but was unable to stop before making contact with the rear of Plaintiff's vehicle. I could not swerve to either side because there was traffic to the left of me and a pole to the right of me.

**INTERROGATORY NO. 3**:     If you contend that any person, entity, or thing contributed to cause the incident, injuries, and/or losses described in the Complaint, state the factual basis for your contention that the person, entity, or thing contributed to cause the incident, injuries, and/or losses described in the complaint; identify by name, address, and telephone number each person who has knowledge or claims to have knowledge of any such facts; and state the name and address of any expert you expect to use to support these contentions.

**ANSWER**:   Plaintiff indicated that a car in front of him slammed on their brakes because a dog running eastbound ran in front of the which, in turn, caused Plaintiff to slam on his brakes.

**INTERROGATORY NO. 4**:     If you pleaded guilty to the violation of any laws pertaining to this accident, please set forth the name and address of the Court; the date that each pleading was read into the record; and each violation to which you pleaded guilty.

2

27138

**ANSWER**:   I was cited for failure to maintain proper control.  This matter was in the City Court of Memphis, Tennessee.  I paid the ticket because I thought Plaintiff was okay.

**INTERROGATORY NO. 5**:   If within the last ten (10) years you have been convicted of a felony or a misdemeanor, please set forth the jurisdiction in which you were convicted; the nature of the criminal offense for which you were convicted; the date of such conviction; the date of such release from confinement; and the title of cause and case number.

**ANSWER**:   8/22/2003 - City of Memphis, speeding ticket - paid fine

10/10/2003 - City of Memphis, charged with patronizing prostitution - pled guilty and paid fine

**INTERROGATORY NO. 6**:   If you alleged or intend to allege an affirmative defense in your Answer to Plaintiff's Complaint, please set forth all facts known to you, or anyone acting in your behalf, which you contend support or corroborate said allegation or defense; the name, business and residence address, and telephone number of each person known to you who claims to have knowledge regarding any such facts; and an identification of each and every writing relating to such contention.

**ANSWER**:   Please see Douglas R. Tate's Answer to Plaintiff's First Amended Complaint for Damages filed on March 2, 2010.

**INTERROGATORY NO. 7**:   Please set forth all facts known to you, or anyone acting in your behalf, which you contend support or corroborate a defense that the Plaintiff was

3

27138

not injured or damaged in any manner or to the extent alleged in the Complaint; the name, business and residence address, and telephone number of each person known to you who claims to have knowledge regarding any such facts; and an identification of each and every writing relating to such contention.

**ANSWER**:   Please see Douglas R. Tate's Answer to Plaintiff's First Amended Complaint for Damages filed on March 2, 2010.

**INTERROGATORY NO. 8**:   If you deny negligence or proximate cause, please set forth all facts known to you or anyone acting in your behalf which you contend support or corroborate said denial; the name, business and residence address, and telephone number of each person known to you who claims to have such knowledge.

**ANSWER**:   Please see Douglas R. Tate's Answer to Plaintiff's First Amended Complaint for Damages filed on March 2, 2010, Defendant's Answer to Interrogatory No. 3 and Tennessee Uniform Traffic Crash Report which is attached as Exhibit 1.

**INTERROGATORY NO. 9**:   If you contend that the Plaintiff's claim for damages should be reduced or precluded by virtue of any act or failure to act on the part of the Plaintiff, please set forth each and every fact known to you upon which you base such contention; the name, business and residence address, and telephone number of each person known to you who possesses or claims to possess knowledge of any facts supporting or controverting such contention; an identification of each and every writing relating to said contention; and the name, business and residence address, and telephone number of the present custodian of any such

4

27138

writing.

    **ANSWER**:   Please see Douglas R. Tate's Answer to Plaintiff's First Amended Complaint for Damages filed on March 2, 2010, Defendant's Responses to Interrogatory No. 3 and Tennessee Uniform Traffic Crash Report which is attached as Exhibit 1.


    **INTERROGATORY NO. 10:**   With respect to the accident which is the subject of Plaintiff's Complaint, please set forth your estimate of the speed at which your vehicle was traveling at the time of impact, and any facts upon which you base that estimate; the speed limit applicable to the section of road on which your vehicle was traveling immediately prior to the accident; and whether you applied the brakes on your vehicle prior to impact.

    **ANSWER**:   I was going approximately thirty-five (35) miles per hour when I applied my brakes.  I do not know my exact speed at the actual point of impact.  The speed limit for this section of road was thirty-five (35) miles per hour.


    **INTERROGATORY NO. 11:**   Please identify, in chronological order, each place to which you traveled on the accident date, and as to each, please set forth the name of the company located at said place, if said place is a business; if the place is a residence, the name of each person living at said residence; your approximate arrival and departure time at said place; the purpose of said stop at said place; and the name, address, and telephone number of each person with whom you spoke at said place.

5

27138

**ANSWER**:   I had been at my house prior to the accident.   My roommate, Larry Gesslin, was there prior to my departure.  I left my home around 7:00 a.m. on the date of the accident.

**INTERROGATORY NO. 12:**      At the time of the accident, did you suffer from any physical impairment or chronic condition, including but not limited to impairment of the eyes and ears? If so, please set forth the nature of the physical impairment; what effect the impairment had on you at the time of the accident; and the name, address, and telephone number of the doctor/facility where you were last treated for such impairment.

**ANSWER**:   No.

**INTERROGATORY NO. 13:**      Please state whether you had consumed any drugs or alcoholic beverages within 24 hours before this accident. If so, please set forth the type of each drug or alcoholic beverage consumed; the quantity consumed; the time and place where each drug or alcoholic beverage was consumed; and the identity, including the name, address, and telephone number of any person who witnessed such consumption or use.

**ANSWER**:   I had not consumed any drugs or alcoholic beverages prior to this accident.

**INTERROGATORY NO. 14:**      If you did have a valid license on the date of the accident, please set forth the state issuing said license, together with the type or class and the license number; all restrictions on said license, if any; the date of issuance of said license; and

6

27138

the date of expiration of said license. If you did not have a valid license on the date of the accident, state whether it was revoked or suspended prior to the happening of this accident. If so, please set forth the state which revoked or suspended said license, together with the date of each revocation or suspension and the reason for each said revocation or suspension.

> **ANSWER**:   Tennessee No. 070113481
> Class D
> Date Issued - February 26, 2007
> Expires - March 23, 2012
> License had not been revoked or suspended

**INTERROGATORY NO. 15:**      Did you give a statement to any police officer, or any other law enforcement officer or agency concerning any aspect of this accident? If so, please set forth, as to any oral statement you gave, how soon after this accident it was given; the location where you were when you gave it; the content of any such statement; and whether any such police officer offered an opinion as to any aspect of the accident and, if so, the content of said opinion. As to any written statement you gave, please set forth the location, the time, and the date that it was given; whether you affixed your signature or your initials to any such statements; and whether you have possession, custody, or control of the original or of a copy of each such statement.

> **ANSWER**:   No.

**INTERROGATORY NO. 16:**      Please set forth the name, business and residence address, and telephone number of each person who claims to have seen or heard any of the events or happenings which occurred at the scene of the subject accident immediately before, at the time of, or immediately after said accident.

7

27138

**ANSWER**:   I am not aware of any persons who have knowledge of any events or happenings which occurred immediately before or at the time of the accident other than the parties to this lawsuit.  Bill McCray drove by the accident scene following the accident.  Mr. McCray's telephone number is (901) 833-7628.

**INTERROGATORY NO. 17**:   Please set forth the name, business and residence address, and telephone number of each person who has knowledge pertaining to how this accident occurred and the identity and location of all persons having knowledge of any facts pertaining to this accident.

**ANSWER**:   I am not aware of any person who has knowledge pertaining to how this accident occurred other than the parties this lawsuit and the investigating officer.

**INTERROGATORY NO. 18**:   Identify by name, business address, and area or field of expertise all experts you intend to use at trial; state the facts and opinions to which each expert will testify; and give a detailed summary of all such facts and opinions.

**ANSWER**:   Expert(s) have not been chosen at the present time.  Defendant agrees to seasonably supplement this answer should said experts become available.

**INTERROGATORY NO. 19**:   Identify any person(s) who you believe have or purport to have any knowledge or information pertaining to the circumstances of the collision alleged in the Complaint, and state so far as you know the nature and substance of such knowledge or information.

8

27138

**ANSWER:**    I am not aware of any such person other than the parties this lawsuit and the investigating officer.

**INTERROGATORY NO. 20:**    Identify the motor vehicle you were operating at the time of the collision alleged in the Complaint including the year, make, model, color, body type, weight without occupants or cargo, weight with occupants and cargo at the time of collision, type of bumper, including any modification that have been made to the vehicle since its manufacture (e.g. towing package), vehicle condition prior to the collision alleged in the Complaint (including condition of tires, lights and brake systems), vehicle condition following the collision (including a detailed description of all damage whether visible or latent), and the identity of the body shop or person(s) performing repairs following the collision. If your vehicle has not been repaired, please do not have it repaired before Plaintiff's counsel is given an opportunity to have your vehicle inspected.

**ANSWER:**    I was operating a 1994 Dodge Ram 1500 Pickup.  I purchased this truck from Liberty Chrysler where it was used as a delivery truck for the parts department.  Employees of Liberty Chrysler had been in several accidents with this truck but no repairs had been made. However, none of the damage caused the truck to function improperly.

**INTERROGATORY NO 21:**    Please identify by name address and phone number any and all persons you plan to call to give evidence at the jury trial of this matter.

**ANSWER:**    Objection.  Defendant objects to this Interrogatory as it seeks information which constitutes attorney work product and/or materials prepared in anticipation of litigation.

9

27138

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**   Please produce any and all documents that would tend to support any affirmative defenses asserted by Defendant.

**RESPONSE**: Please the Tennessee Uniform Traffic Crash Report attached as Exhibit 1.

**REQUEST NO. 2:**   Please produce a copy of the vehicle registration for the vehicle, which Defendant was driving at the time of the accident that is the subject of this Complaint.

**RESPONSE**: Please see attached as Exhibit 2.

**REQUEST NO. 3:**   Please produce a copy of the driver's license belonging to the Defendant.

**RESPONSE**: Please see attached as Exhibit 3.

**REQUEST NO. 4:**   Please produce copies of any and all recorded statements given by the Defendant to the police, whether such statements were handwritten, type written, tape recorded, or video recorded.

**RESPONSE**: No statements were given to the police.

**REQUEST NO. 5:**   Please produce copies of any and all recorded statements given by any possible witnesses to the accident which is the subject of this Complaint, whether such statements were handwritten, type written, tape recorded, or video recorded.

**RESPONSE:** Objection.  Defendant objects to this request as it seeks information which

10

27138

constitutes attorney work product and/or materials prepared in anticipation of litigation.

**REQUEST NO. 6:**   Please produce all documents (including any writing, photograph, reproduction, or microfilm of any writing) including memoranda, notes, reports, correspondence, x-rays, scans, and statements relating to the examination or treatment of the Defendant by any physician, chiropractor, or other medical practitioner for any illness, injury, condition or complaint which the Defendant contends may be relevant to the Plaintiff's claim for personal injuries.

**RESPONSE:** No such documents exist.

**REQUEST NO. 7:**   Please produce all documents containing the opinions of any physicians, chiropractors, or any other medical practitioner as to any illness, injury, condition or complaint that the Defendant contends may be relevant to the Plaintiff's claim for personal injuries. Produce copies of any lawsuits, complaints and amendments to complaints filed by Plaintiff which Defendant contends may be relevant to Plaintiff's claim for personal injuries.

**RESPONSE:**  All such documents are in the possession of Plaintiff or Plaintiff's counsel.

**REQUEST NO. 8:**   Please produce all photographs, videotapes, drawings, sketches, diagrams, or charts of the scene of the collision alleged in the Complaint, the vehicles involved in the collision alleged in the Complaint of the Plaintiff, since the date of the collision, and/or any damage(s) arising from the collision, or taken of the Plaintiff after the accident.

**RESPONSE:**  Please see attached as Exhibit 4.

11

27138

**REQUEST NO. 9:**   Please produce all oral statements that have been reduced to a written form of any type, written statements, recordings (whether transcribed or recorded via an audio or video reproduction device of any type), transcripts of any oral statements, or other statements made by the Plaintiff concerning any aspect of this case.

**RESPONSE:** Objection.  Defendant objects to this request as it seeks information which constitutes attorney work product and/or materials prepared in anticipation of litigation.  Without waiving said objection, please see attached as Exhibit 5.

**REQUEST NO. 10:**  Please produce all written statements, notes or memos of oral statements, recordings (whether transcribed or recorded via an audio or video reproduction device of any type), transcripts of any oral statements, or other statements made by the Defendant, or any other witness(es) concerning any aspect of this case.

**RESPONSE:** Objection.  Defendant objects to this request as it seeks information which constitutes attorney work product and/or materials prepared in anticipation of litigation.

**REQUEST NO. 11:**  Please produce the repair bill and any and all estimates of repairs to the vehicle you were driving at the time of the collision alleged in the Complaint.

**RESPONSE:** There were no repair bills or estimates for my vehicle as I did the repair work myself by replacing the radiator.

**REQUEST NO. 12:** Please produce any trade publications or standards which you

12

27138

intend to use as evidence, which may be used as evidence by any expert witness called to testify by you, or which you intend to use to impeach any witness called by the Plaintiff.

**RESPONSE**: Expert(s) have not been chosen at the present time. Defendant agrees to seasonably supplement this answer should said experts become available.

**REQUEST NO. 13**: Please produce any photographs in your possession, the possession of your attorney or your agent indicating the appearance of the vehicle you were driving prior to the collision that gives rise to the present lawsuit.

**RESPONSE**: No such photographs exist.

**REQUEST NO. 14**: Please produce a list of any and all exhibits you intend to introduce into evidence at the jury trial of this matter.

**RESPONSE**: Objection. Defendant objects to this request as it seeks information which constitutes attorney work product and/or materials prepared in anticipation of litigation.

**REQUEST NO. 15**: Please produce a copy of any report or other document prepared and an expert witness or any report of other document submitted to an expert witness.

**RESPONSE**: Expert(s) have not been chosen at the present time. Defendant agrees to seasonably supplement this answer should said experts become available.

Respectfully submitted,

DOUGLAS R. TATE

27138

13

_（signature）_

DARRYL D. GRESHAM (017380)
ALLEN, SUMMERS, SIMPSON,
   LILLIE & GRESHAM, PLLC
Counsel for Defendant, Douglas R. Tate
80 Monroe Avenue, Suite 650
Memphis, Tennessee 38103
(901) 763-4200


STATE OF TENNESSEE

COUNTY OF SHELBY

      On this the _19th_ day of _May_, _2010_, before me personally appeared Douglas R. Tate, to me known or proved to me on the basis of satisfactory evidence to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

                                  _（signature）_
                                  Notary Public

My Commission Expires:

_[Notary seal: STEPHANIE LANNOM, STATE OF TENNESSEE, NOTARY PUBLIC, SHELBY COUNTY]_

MY COMMISSION EXPIRES:
July 10, 2011


## CERTIFICATE OF SERVICE

      I, Darryl D. Gresham, do hereby certify that a copy of the foregoing Responses was forwarded, via U. S. Mails, postage prepaid, on this _20_ day of May, 2010 to Attorney Drayton D. Berkley, counsel for Plaintiff, at 81 Monroe Avenue, Suite 400, Memphis, Tennessee 38103 and Attorney Robert L. Moore, counsel for State Farm Insurance Company, at 100 North Main Building, Suite 3400, Memphis, Tennessee 38103.

                              _（signature）_

                        DARRYL D. GRESHAM

14

27138

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

F I L E D

MAY 7 2010

CIRCUIT COURT CLERK
BY _____ D.C.

WILLIAM HOERNING                                        PLAINTIFF

VS.                                    CAUSE NO: CT-005017-09
                                                  Division VI

STATE FARM MUTUAL AUTOMOBILE
INSURANCE AND DOUGLAS R. TATE                          DEFENDANTS

## ANSWER TO FIRST AMENDED COMPLAINT
### Jury Trial Demanded

COMES NOW, Defendant State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") by and through the undersigned counsel and pursuant to the Tennessee Rules of Civil Procedure, and as its initial response to the First Amended Complaint (hereinafter "complaint") filed against it, would state as follows:

### FIRST DEFENSE

Plaintiff's complaint should fail because some or all of the causes of action or requested remedies fail to state a claim upon which relief may be granted pursuant to Rule 12.02 of the Tennessee Rules of Civil Procedure.

### SECOND DEFENSE

Some or all of Plaintiff's claims or requested remedies are barred by the applicable statute of limitations or period of proscription, and any proposed amendments should not relate back to the original date of filing.

### THIRD DEFENSE

Sufficiency and/or service of process was deficient or failed and/or Plaintiff failed to serve State Farm within the prescribed period of time.

## FOURTH DEFENSE

Pursuant to Tenn. R. Civ. P. 20.01, the claims alleged against State Farm are improperly joined with the claims alleged against Douglas R. Tate. The separate and independent claims alleged against State Farm should be severed pursuant to Tenn. R. Civ. P. 21.

## FIFTH DEFENSE

State Farm affirmatively pleads that Mississippi's substantive law will apply to the application of the uninsured motorist provisions of the policy, subject to all limitations, conditions and/or exclusions within said policies, and the allegations of bad faith.

## SIXTH DEFENSE

State Farm affirmatively pleads its right of offset in relation to any liability benefits paid and/or payable to the plaintiff pursuant to *MS Code Ann. 83-11-101 et seq.*

## SEVENTH DEFENSE - ANSWER

State Farm responds to Plaintiff's complaint, paragraph by paragraph, as follows:

1.      Upon information and belief, State Farm admits the residency of Plaintiff as set forth in Paragraph 1 (misnumbered as Paragraph 12).

2.      In response to Paragraph 2 (misnumbered as Paragraph 13), State Farm would state that it is a mutual company and neither a Mississippi corporation nor a Tennessee corporation, with its principle place of business located in Bloomington, Illinois. State Farm denies that it had retained counsel upon whom service of process could be perfected.

3.      Upon information and belief, State Farm admits the residency of Douglas R. Tate as set forth in Paragraph 3 (misnumbered as Paragraph 14).

4.     Upon information and belief, State Farm admits the allegations contained within Paragraph 4 of plaintiff's complaint.

5.     State Farm admits that on or about July 12, 2007, an automobile accident occurred between vehicles being driven by William Hoerning and Douglas R. Tate. State Farm denies, denies as worded or is without sufficient knowledge or information to form a belief as to any remaining allegations contained in Paragraph 5.

6.     State Farm denies, denies as worded or is without sufficient knowledge or information to form a belief as to any remaining allegations contained in Paragraph 6.

7.     State Farm denies, denies as worded or is without sufficient knowledge or information to form a belief as to any remaining allegations contained in Paragraph 7.

8.     State Farm denies, denies as worded or is without sufficient knowledge or information to form a belief as to any remaining allegations contained in Paragraph 8.

9.     State Farm denies, denies as worded or is without sufficient knowledge or information to form a belief as to any remaining allegations contained in Paragraph 9, and all subparts thereto.

10.     State Farm denies, denies as worded or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 10, and all subparts thereto.

11.     State Farm denies, denies as worded or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 11.

12.     State Farm hereby incorporates all of its affirmative defenses and responses to the preceding paragraphs of plaintiff's complaint.

13.     State Farm admits only that, if a policy of insurance was in effect, and Plaintiff meets the definition of an insured thereunder, then the terms of that policy including, without limitation,

3

its endorsements and deductibles, are binding on Plaintiff. State Farm further avers that the relevant policy of insurance is the best evidence of its contents and is pled herein as though copied in its entirety. State Farm denies, or denies as worded, any allegations which tend to contradict, contravene or enlarge upon the terms, conditions, exclusion or limitations of said policy. Further, State Farm admits that Mississippi's substantive law will apply to the application of the uninsured motorist provisions of the policy, subject to all limitations, conditions and/or exclusions within said policies, and the allegations of bad faith.

14.     State Farm admits only that, if a policy of insurance was in effect, and Plaintiff meets the definition of an insured thereunder, then the terms of that policy including, without limitation, its endorsements and deductibles, are binding on Plaintiff. State Farm further avers that the relevant policy of insurance is the best evidence of its contents and is pled herein as though copied in its entirety. State Farm denies, or denies as worded, any allegations which tend to contradict, contravene or enlarge upon the terms, conditions, exclusion or limitations of said policy. State Farm denies all remaining allegations contained in Paragraph 14.

15.     State Farm denies, or denies as worded, the allegations contained in Paragraph 15.

16.     State Farm denies, or denies as worded, the allegations contained in Paragraph 16.

17.     State Farm denies the allegations of Paragraph 17.

18.     State Farm denies the allegations of Paragraph 18.

19.     State Farm denies the allegations contained in Plaintiff's unnumbered *ad damnum* clause and denies that Plaintiff is entitled to a judgment from or of State Farm in any amount.

## EIGHTH DEFENSE

Plaintiff's own negligence caused or contributed to his alleged damages.

4

### NINTH DEFENSE

Plaintiff's damages, if any, were caused and/or contributed to by persons other than State Farm, its agents or assigns. State Farm would affirmatively state that the negligence of the plaintiff, William Hoerning, caused and/or contributed to the motor vehicle accident and claimed damages.

### TENTH DEFENSE

The actions and/or omissions of Plaintiff were a superseding intervening cause of the motor vehicle accident which relieves defendants Tate and State Farm from liability, if any.

### ELEVENTH DEFENSE

If relevant policies of insurance were afforded by State Farm for or on behalf of Plaintiff, said policies are the best evidence of their contents and are pled herein as though copied in their entirety. State Farm specifically denies any allegations which tend to contradict, contravene or enlarge upon the terms, conditions, exclusions or limitations of said policies.

### TWELFTH DEFENSE

Plaintiff has not been damaged as a result of any wrongdoing on the part of State Farm.

### THIRTEENTH DEFENSE

State Farm denies Plaintiff was injured in the nature and extent claimed and contests damages.

### FOURTEENTH DEFENSE

State Farm has not breached its duty of good faith and fair dealing. As such, Plaintiff may not assert a claim for extra-contractual damages, including punitive damages. Furthermore, there is insufficient evidence to meet the burden of proof necessary to sustain the underlying claim for

damages, and where there is no entitlement to actual damages, extra-contractual damages, including punitive damages, are not recoverable.

### FIFTEENTH DEFENSE

The complaint fails to state a claim for punitive damages under Miss. Code Ann. § 15-1-33, which requires that any suit for penalty be brought within one (1) year of the alleged offense.

### SIXTEENTH DEFENSE

To the extent punitive damages are demanded, Plaintiff will be unable to fully comply with the provisions of Miss. Code Ann. § 11-1-65, or other applicable law.

### SEVENTEENTH DEFENSE

State Farm has not committed any conduct which would entitle Plaintiff to punitive damages.

### EIGHTEENTH DEFENSE

The complaint fails to state a claim upon which punitive damages may be awarded.

### NINETEENTH DEFENSE

State Farm has not acted in bad faith in its dealings with Plaintiff and, at all material times, its conduct and actions have been both reasonable and in compliance with all applicable contracts, laws, rules and regulations.

### TWENTIETH DEFENSE

Any award of punitive or exemplary damages or extra-contractual damages of any type, whether compensatory or otherwise, is precluded because State Farm clearly had, at a minimum, legitimate and arguable reasons for its conduct and decisions in this case.

## TWENTY-FIRST DEFENSE

No alleged act or omission of State Farm was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred. Additionally, because of the lack of clear standards, imposition of punitive damages against State Farm would be unconstitutionally vague and/or overly broad.

## TWENTY-SECOND DEFENSE

An award of punitive damages against State Farm in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article 3, § 16 of the Constitution of Mississippi.

## TWENTY-THIRD DEFENSE

Plaintiff's claims for punitive damages cannot be sustained because an award of punitive damages under Mississippi law subject to an excessive pre-determined upper limit would violate State Farm's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article 3, § 14 of the Constitution of the State of Mississippi, and may result in a violation of State Farm's right not to be subjected to an excessive award in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article 3, § 28 of the Constitution of the State of Mississippi.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims for punitive damages cannot be sustained because an award of punitive damages under Mississippi law by a fact finder that is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment and is not instructed to award only that amount of punitive damages that reflects the necessary relationship between the

amount of the punitive damages and the actual harm in question would violate State Farm's Due

Process and Equal Protection rights as guaranteed by the Fifth and Fourteenth Amendments to the

United States Constitution and by Article 3, § 14 of the Constitution of the State of Mississippi.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims for punitive damages are unconstitutional insofar as they violate the Due

Process protections afforded by the United States Constitution, the Excessive Fines clause of the

Eighth Amendment to the United States Constitution, the Commerce Clause of the United States

Constitution, the Full Faith and Credit Clause of the United States Constitution, the Equal Protection

clause of the United States Constitution, and applicable provisions of the Constitution of the State

of Mississippi including, without limitation, Article 3, §§ 14, 17, and 28. Any law, statute or other

authority purporting to permit the recovery of punitive damages in this case is unconstitutional,

facially and as applied, to the extent that, without limitation, it: (1) lacks sufficient standards to guide

and restrain the jury's discretion in determining whether to award punitive damages and/or the

amount, if any; (2) is void for vagueness in that it fails to provide adequate advance notice as to what

conduct would result in punitive damages; (3) may permit recovery of punitive damages based on

out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed,

or did not proximately cause harm, to the plaintiff; (4) may permit recovery of punitive damages in

an amount that is not both reasonable and proportionate to the amount of harm, if any, to the plaintiff

and to the amount of compensatory damages, if any; (5) may permit a jury to award punitive

damages for harm to non-parties; (6) may permit jury consideration of net worth, wealth, surplus,

reserves, or other financial information relating to defendants; (7) lacks sufficient standards to be

applied by the trial court in post-verdict review of any punitive damages award; (8) lacks sufficient

standards for appellate review of punitive damages awards; and (9) otherwise fails to satisfy United States Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Products Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993), *BMW of N. America, Inc. v. Gore*, 517 U.S. 599 (1996), *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

### TWENTY-SIXTH DEFENSE

Some or all of Plaintiff's claims or requested remedies improperly seek to effect a deprivation of liberty and property in contravention of rights guaranteed State Farm by the Due Process Clauses of the Constitutions of the United States and the State of Mississippi.

### TWENTY-SEVENTH DEFENSE

Some or all of Plaintiff's claims or requested remedies improperly seek to effect a taking without just compensation in contravention of rights guaranteed to State Farm by the Constitutions of the United States and of the State of Mississippi.

### TWENTY-EIGHTH DEFENSE

Some or all of Plaintiff's claims or requested remedies improperly seek to interfere with interstate commerce in contravention of the Commerce Clause of the United States Constitution.

### TWENTY-NINTH DEFENSE

Plaintiff's claims for special damages, if any, have not been specifically stated, as required by Tennessee Rules of Civil Procedure 9.07, thus barring recovery for any such damages.

### THIRTIETH DEFENSE

Plaintiff's claims for special damages are not recoverable under the common law as stated in *Hadley v. Baxendale*, 9 Exch. 341, 156 Eng. Rep. 145 (1854).

## THIRTY-FIRST DEFENSE

A jury award of mental anguish damages in this case would violate Due Process and Equal Protection rights guaranteed to State Farm by the Fifth and Fourteenth Amendments to the United States Constitution, and Article 1, §§1, 6 and 22 of the Constitution of the State of Mississippi. A mental anguish damage award will violate these provisions because Mississippi jurors are given no rule, standard or guideline upon which to rely in calculating such an award.

## THIRTY-SECOND DEFENSE

Plaintiff cannot recover for mental pain and suffering, emotional distress or similar damages, if any, in that there is no fixed, objective and/or clear and consistent standard under Mississippi law for ascertaining the amount thereof, such that any award of said damages against State Farm would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 6 of the Mississippi Constitution, which prohibits deprivation of life, liberty or property except by due process of law.

## THIRTY-THIRD DEFENSE

Plaintiff has failed to satisfy conditions precedent and/or conditions subsequent to coverage under any applicable insurance agreements in effect between State Farm and Plaintiff.

## THIRTY-FOURTH DEFENSE

Some or all of Plaintiff's claims are barred in whole or in part by the Parol Evidence Rule or the Statute of Frauds.

## THIRTY-FIFTH DEFENSE

Some or all of Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel or laches.

10

## THIRTY-SIXTH DEFENSE

Some or all of Plaintiff's claims are barred in whole or in part by lack of standing, by public policy or by documents and information which are of public record.

## THIRTY-SEVENTH DEFENSE

Some or all of Plaintiff's claims are barred in whole or in part by the doctrines of ratification, merger, discharge, recoupment, payment, accord and satisfaction, set-off, release or election of remedies.

## THIRTY-EIGHTH DEFENSE

Some or all of Plaintiff's claims are either not covered or are excluded from coverage under any applicable insurance agreements in effect between State Farm and Plaintiff.

## THIRTY-NINTH DEFENSE

Plaintiff's recovery, if any, should be barred or reduced by Plaintiff's own comparative negligence or fault and/or by the failure to exercise ordinary care and caution to protect against damage. State Farm invokes the provisions of *Miss. Code Ann. § 85-5-7*, and its statutory equivalent in the State of Tennessee, as to the apportionment of fault to all parties and non-parties who may be jointly or severally liable for Plaintiff's alleged damages.

## FORTIETH DEFENSE

State Farm reserves and alleges herein all rights and defenses under the United States Constitution regarding venue and jurisdiction, all applicable statutes and rules authorizing a change of venue for inconvenient forum.

## FORTY-FIRST DEFENSE

State Farm reserves the right to assert any further or additional defenses that may be developed during the course of discovery in this matter.

## FORTY-SECOND DEFENSE

Without waiving any other defense asserted herein, any allegation contained in Plaintiff's complaint which has not been specifically admitted is hereby denied.

AND NOW, having answered Plaintiff's complaint, paragraph by paragraph, and with the assistance of counsel, having asserted certain defenses and reserving the right to amend its answer or assert additional defenses as warranted, State Farm respectfully requests that the Court dismiss the complaint filed against it at the cost of Plaintiff.

Respectfully submitted,

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000

BY: _____
J. BRIAN HYNEMAN, TNB # 023405

12

)                                    )

## CERTIFICATE OF SERVICE

I, J. BRIAN HYNEMAN, of Hickman, Goza & Spragins, PLLC, Attorneys at Law, Oxford,

Mississippi, do hereby certify that I have this date mailed by United States Mail, postage prepaid,

a true and correct copy of the above and foregoing to:

Julian T. Bolton
Drayton D. Berkley
Law Office of Julian T. Bolton
81 Monroe Avenue, Ste. 400
Memphis, TN 38103

Robert L. Moore
Heaton and Moore, P.C.
100 North Main Building, Ste. 3400
Memphis, TN   38103-0534

Darryl D. Gresham
Allen, Summers, Simpson, Lillie & Gresham
80 Monroe Avenue, Ste. 650
Memphis, TN   38103

THIS, the 5ᵗʰ day of May, 2010.

J. BRIAN HYNEMAN

13

WILLIAM R. HOERNING

VS

Case Number: <u>NECT00501709</u>

---

**COURT PAPER TYPE :** Alias Summons
**COURT PAPER SUMMARY:** -STATE FARM MUTUAL AUTOMOBILE INSURANCE CO (ANY OFFICER OR DIRECTOR)
**COURT PAPER STATUS: Completed**

---

**Individual Summary: STATE FARM MUTUAL AUTOMOBILE INSURANCE CO (ANY OFFICER OR DIRECTOR) 1 STATE FARM PLZ BLOOMINGTON, IL 61710**
**Individual Return / Service Status: <u>Served</u>**

Corporation Served this writ this <u>09</u> day of <u>April</u> , <u>2010</u> ,
by reading it to the within named <u>Terri Miller</u> **Senior Financial Asst..**

Served Sex: <u> </u>        Served Race: <u>  </u>              Served DOB: <u>   </u>

Comment: <u>Served at 2702 Ireland Grove Rd. Bloomington, IL</u>
Service, . . . . . . . . . . . . . . . <u>$ 30.00</u>
Miscellaneous Fees:

_____ SHERIFF

<u>6</u> miles necessary travel from Law and Justice Center to place of service
of within named person and return,

<u>$ .50</u> per mile . . . . . . . . . . <u>$ 3.00</u> By <u> MCSP DEPUTY SHERIFF JUSTIN FAULK - ID # 10460</u>

Return . . . . . . . . . . . . . . . <u>$ 8.00</u>

TOTAL . . . . . . . . . . . . . . . <u>$ 41.00</u>

ATTACHMENTS:



This is the original return of service.
This is not a bill.

RCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

RECEIVED
APR 0 8 2010
McLean Co. Sheriff's Dept.

ALIAS SUMMONS IN CIVIL ACTION

Docket No. ___CT-005017-09___

☑ Lawsuit
○ Divorce

Ad Damnum $ 2,000,000

| | | |
|---|---|---|
| William R. Hoerning | VS | State Farm Mutual Automobile Insurance Company<br>Douglas R. Tate |
| **Plaintiff(s)** | | **Defendant(s)** |

TO: (Name and Address of Defendant (One defendant per summons))

Edward Rust, Michael Davidson, James Rutrough, or any other
Officer, Director, or Managing Agent, on behalf of
State Farm Mutual Automobile Insurance Company
1 State Farm Plaza
Bloomington, IL 61710

Method of Service:
○ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
○ Private Process Server
◉ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Drayton D. Berkley                    Plaintiff's attorney, whose address is  81 Monroe Avenue Ste 400 Memphis, TN  38103            telephone    +1 (901) 507-2521 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a Judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE                    Clerk

TESTED AND ISSUED  _April 7/ 2010_                    By _____, D.C.

TO THE DEFENDANT:

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 379-7895

I, JIMMY MOORE _____, Clerk of the Court,
Shelby County, Tennessee, certify this to
be a true and accurate copy as filed this

JIMMY MOORE _____ , Clerk

By: _____ , D.C.

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____           By: _____
Signature of person accepting service                          Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____ State Farm Mutual Automobile _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____ Certified mail list - see attached UPS form _____

This ___7th___ day of _____ April _____, 20_10_.

By: _____
Sheriff or other authorized person to serve process

Docket No: CT-005017-09

IN THE
(CIRCUIT/CHANCERY) COURT
OF TENNESSEE
FOR THE
THIRTIETH JUDICIAL
DISTRICT AT MEMPHIS

SUMMONS IN A CIVIL ACTION

William Hoeming
Plaintiff

VS

State Farm Mutual Automobile Ins, et al
Defendant

Drayton D. Berkley
Attorney for Plaintiff/Pro Se

901-507-2521
Telephone Number

USPS - Track & Confirm                                                    Page 1 of 1


**UNITED STATES POSTAL SERVICE**

Home | Help | Sign In

Track & Confirm          FAQs

## Track & Confirm

### Search Results

Label/Receipt Number: 7009 1410 0000 5815 2294

There is no record of this item.

_____

**Why Are You Receiving This Message?**

1. Event information may not be available if your item was mailed recently. Please try again later.

2. The number was entered incorrectly. Be sure to enter all of the letters and numbers as they appear on your mailing label or receipt.

**Track & Confirm**

Enter Label/Receipt Number.

( Go> )

_____

)                                )

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

FILED

MAR 0 9 2010

CIRCUIT COURT CLERK
BY_____ D.C.

WILLIAM R. HOERNING,

      Plaintiff,

VS.                              NO. CT-005017-09 Div. VI
                                        **JURY DEMANDED**

DOUGLAS R. TATE and STATE
FARM INSURANCE COMPANY,

      Defendants.

## MOTION TO COMPEL DISCOVERY

       COMES NOW the Defendant, Douglas R. Tate, pursuant to the Tennessee Rules of Civil Procedure, and moves this Honorable Court for an Order compelling discovery from Plaintiff, William R. Hoerning, and respectfully shows and states as ground in support of such Motion the following:

       1.     That heretofore on or about November 18, 2009, Defendant propounded Interrogatories to Plaintiff through his attorney of record.

       2.     That heretofore on or about November 18, 2009, Defendant requested the Production of Documents from Plaintiff.

       3.     That the time for answering the Interrogatories and responding to the Request for Production of Documents has expired and Plaintiff has not filed objections nor answers and responses to the Interrogatories or Request for Production of Documents.

       4.     The Defendant further shows unto the Court that through correspondence to Plaintiff's attorney on January 8, 2010 and February 10, 2010, Defendant requested the answers and responses which have not been forthcoming.

1

27138

)                                    )

WHEREFORE, AND FOR ALL OF WHICH, Defendant moves this Honorable Court for an order compelling further discovery herein or in the alternative for an order of dismissal for failure to make discovery.

Respectfully Submitted,

DARRYL D. GRESHAM      (#017380)
Allen, Summers, Simpson, Lillie & Gresham, PLLC
Counsel for Defendant, Douglas R. Tate
80 Monroe Avenue, Suite 650
Memphis, Tennessee 38103
(901) 763-4200

## CERTIFICATE OF SERVICE

I, Darryl D. Gresham, do hereby certify that a copy of the foregoing Motion to Compel was forwarded, via U.S. Mail, postage prepaid, on this the __9th__ day of March, 2010, to Attorney Drayton D. Berkley, counsel for Plaintiff, at 81 Monroe Avenue, Suite 400, Memphis, Tennessee 38103 and Attorney Robert L. Moore, counsel for Defendant, State Farm Insurance Company, at 100 North Main Building, Suite 3400, Memphis, Tennessee 38103.

DARRYL D. GRESHAM

2

27138

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**FILED**

WILLIAM HOERNING
    Plaintiff

CIRCUIT COURT CLERK
BY _____ D.C

**vs.**

CAUSE NO. CT-005017-09
Division VI

STATE FARM MUTUAL AUTOMOBILE INSURANCE and
DOUGLAS R TATE

    **Defendants**

---

### ORDER GRANTING MOTION TO AMEND COMPLAINT

---

On February 26, 2010, this cause came on to be heard on the Motion of Plaintiff to Amend the Complaint, and the Court having heard the argument of counsel, having reviewed the submissions of counsel and being otherwise advised on the premises, finds that the Motion is well-taken and should be GRANTED.

It is THEREFORE ORDERED, AJUDGED AND DECREED that the Plaintiff's Motion to Amend the Complaint is GRANTED.

Entered this _____1st_____ day of _____March_____, 2010.

_____
HONORABLE JERRY STOKES

*APPROVED FOR ENTRY:*

By: _____
Julian Bolton (#015378)
Drayton D. Berkley (#022601)
Attorneys for Plaintiff,
Stacey Kiser
81 Monroe, Suite 400
Memphis, TN 38103
(901) 507-2521


By: _____
Robert L. Moore
Attorneys for State Farm
100 North Main Bldg Ste 3400
Memphis, TN 38103


By: _____
Daryl D. Gresham
80 Monroe Avenue Ste 650
Memphis, TN 38103

2

FILED

MAR 02 2010

CIRCUIT C...

BY

### IN THE CIRCUIT COURT OF TENNESSEE
### FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

WILLIAM R. HOERNING,

    Plaintiff,

VS.

DOUGLAS R. TATE and STATE FARM
INSURANCE COMPANY,

    Defendants.

NO. CT-005017-09 Div. VI
**JURY DEMANDED**

---

### DOUGLAS R. TATE'S ANSWER TO PLAINTIFF'S
### FIRST AMENDED COMPLAINT FOR DAMAGES

---

COMES NOW the Defendant, Douglas R. Tate, by and through his counsel of record, and for his pleas, answers and defenses to the Complaint herein filed against him, respectfully shows and states to the court the following:

#### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted to Plaintiff against your Defendant in this cause.

#### SECOND DEFENSE

Your Defendant denies he is guilty of the matters, things, or wrongs charged and alleged against him in the Complaint, either in the manner or form alleged or in any other manner or form.

27138

1

## THIRD DEFENSE

For further answer to the Complaint, your Defendant alleges that even if he was guilty of negligence, which he denies, Plaintiff, William R. Hoerning, was guilty of negligence in failing to use reasonable and ordinary care under all the existing circumstances and, further, said Plaintiff has failed to mitigate his damages, and such failure on the part of Plaintiff is pled in full bar, reduction of, or mitigation of any recovery.

## FOURTH DEFENSE

For further defense, your Defendant avers that the injuries, damages, losses, expenses, and wrongs alleged to have been incurred by Plaintiff resulted from the negligence or fault of Plaintiff, William R. Hoerning, and said negligence or fault is pled as a complete bar to any recovery by him.

## FIFTH DEFENSE

For further defense, your Defendant avers that the injuries, damages, losses, expenses, and wrongs alleged to have been incurred by Plaintiff resulted from the negligence or fault of Plaintiff, William R. Hoerning, whose negligence or fault should be compared with the negligence or fault of your Defendant, if any, and any judgment awarded to Plaintiff should be reduced in accordance with Plaintiff's negligence and comparative fault.

## SIXTH DEFENSE

Your Defendant specifically and affirmatively allege that Plaintiff, William R. Hoerning, failed to keep a proper lookout; failed to devote full time and attention to the operation of his motor vehicle; and, in general, failed to use reasonable and ordinary care under all the

2

circumstances, all of which directly and proximately caused the accident referenced in Plaintiff's Complaint.

## SEVENTH DEFENSE

For further defense, your Defendant avers that if Plaintiff incurred any injuries, that said injuries resulted from and/or were caused by known and unknown bodily processes, pre-existing conditions or some other cause having nothing whatsoever to do with, and not caused by any negligence on the part of your Defendant.

## EIGHTH DEFENSE

In addition to the aforesaid common law acts of negligence, Plaintiff, William R. Hoerning, violated certain ordinances of the City of Memphis which were in full force and effect at the time of the accident including, but not limited to the following:

Section 11-16-2. Duty to Devote Full Time and Attention to Operating Vehicle.

Section 11-16-3  Duty to Drive at Safe Speed, Maintain Lookout and Keep Vehicle Under Control.

In addition to the aforesaid common law acts of negligence, Plaintiff, William R. Hoerning, violated certain statutes of the State of Tennessee which were in full force and effect at the time of the accident, including, but not limited to, the following:

T.C.A. §55-8-136.  Drivers to Exercise Due Care.

For further answer, your Defendant alleges that Plaintiff violated the aforesaid City ordinances and State statutes, which in combination with his violation of the common law rules of the road, directly and proximately caused the accident and any resulting injury to Plaintiff, and

3

27138

such negligence and fault is pled in full bar, reduction or mitigation of any recovery herein pursuant to the comparative fault negligence doctrine as adopted in the State of Tennessee.

### NINTH DEFENSE

For further affirmative defense, your Defendant avers that the accident described in Plaintiff's Complaint and the alleged resulting injuries, damages and losses, if any, were the result of a sudden emergency and/or unavoidable accident so far as your Defendant is concerned because the accident occurred in spite of Defendant's exercise of reasonable and ordinary care in the operation of his motor vehicle.

### TENTH DEFENSE

Your Defendant hereby reserves the right to add additional affirmative defenses as they may become known to him during the course of discovery.

### ELEVENTH DEFENSE

For answer to the separately numbered paragraphs of Plaintiff's First Amended Complaint for Damages, your Defendant states as follows:

1.      Paragraph 1 of Plaintiff's Complaint is admitted upon information and belief.

2.      Paragraph 2 of Plaintiff's Complaint is admitted upon information and belief

3.      Defendant admits he is an adult resident citizen of Memphis, Shelby County, Tennessee, residing at 6588 Finch Road, Memphis, Tennessee 38141.  All remaining allegations contained in Paragraph 3 of Plaintiff's Complaint are denied.

4.      Paragraph 4 of Plaintiff's Complaint is admitted.

5.      Defendant admits the front of his vehicle made contact with the rear of Plaintiff's vehicle but, denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

27138

6.      Paragraph 6 of Plaintiff's Complaint is denied.

7.      Paragraph 7 of Plaintiff's Complaint is denied.

8.      Paragraph 8 of Plaintiff's Complaint is denied.

9.      Your Defendant denies the allegations of Paragraph 9 of Plaintiff's Complaint with the exception that Defendant admits the existence of the State statutes charged and alleged by Plaintiff but, makes no other admission with respect thereto and denies the application of the State statutes to the facts and circumstances of the case, or that any alleged violation directly and proximately cause harm or injury to Plaintiff.

10.     Your Defendant denies the allegations of Paragraph 10 of Plaintiff's Complaint with the exception that Defendant admits the existence of the City ordinances charged and alleged by Plaintiff but, makes no other admission with respect thereto and denies the application of the City ordinances to the facts and circumstances of the case, or that any alleged violation directly and proximately cause harm or injury to Plaintiff.

11.     Paragraph 11 of Plaintiff's Complaint is denied.

12.     Defendant incorporates his responses to Paragraphs 1 through 14 of Plaintiff's First Amended Complaint for Damages as if fully set forth herein.

13.     Defendant is without sufficient information to state a belief as to the accuracy of the averments contained in Paragraph 13 of Plaintiff's Complaint and consequently, denies same and demands strict proof if his legal rights are to be anywise affected.

14.     Defendant is without sufficient information to state a belief as to the accuracy of averments contained in Paragraph 14 of Plaintiff's Complaint and consequently, denies same and demands strict proof if his legal rights are to be anywise affected.

27138

15.     Defendant is without sufficient information to state a belief as to the accuracy of averments contained in Paragraph 15 of Plaintiff's Complaint and consequently, denies same and demands strict proof if his legal rights are to be anywise affected.

16.     Defendant is without sufficient information to state a belief as to the accuracy of averments contained in Paragraph 16 of Plaintiff's Complaint and consequently, demands strict proof if his legal rights are to be anywise affected.

17.     Defendant is without sufficient information to state a belief as to the accuracy of averments contained in Paragraph 17 of Plaintiff's Complaint and consequently, denies same and demands strict proof if his legal rights are to be anywise affected.

18.     Defendant is without sufficient information to state a belief as to the accuracy of averments contained in Paragraph 18 of Plaintiff's Complaint and consequently, denies same and demands strict proof if his legal rights are to be anywise affected.

19.     For further answer, your Defendant denies he breached any legal duty owed to Plaintiff and consequently, denies he is obligated to respond to damages of any kind or character.

20.     All other matters, neither here and above denied, admitted nor explained, are now denied to the same extent as if strictly controverted.

WHEREFORE, your Defendant denies he is indebted to Plaintiff in any amount and requests that he be dismissed without costs but, demands a jury to try the issues when joined.

27138

Respectfully Submitted,

DARRYL D. GRESHAM (#017380)
Allen, Summers, Simpson, Lillie & Gresham, PLLC
Attorneys for Defendant, Douglas R. Tate
80 Monroe Avenue, Suite 650
Memphis, Tennessee 38103
(901) 763-4200

## CERTIFICATE OF SERVICE

I, Darryl D. Gresham, do hereby certify that a copy of the foregoing Answer was forwarded, via U.S. Mail, postage prepaid, on this the __1st__ day of March, 2010 to Attorney Drayton D. Berkley, counsel for Plaintiff, at 81 Monroe Avenue, Suite 400, Memphis, Tennessee 38103 and Attorney Robert L. Moore, counsel for State Farm Mutual Automobile Insurance, at 100 North Main Building, Suite 3400, Memphis, Tennessee 38103.

DARRYL D. GRESHAM

7

27138

**IN THE CIRCUIT COURT OF TENNESSEE**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

FILED FEB 26 2010 CIRCUIT COURT CLERK BY _____ D.C

**IN THE CIRCUIT COURT OF TENNESSEE**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

WILLIAM HOERNING
    Plaintiff,

vs.

                                      **CAUSE NO. CT-005017-09**
DOUGLAS R TATE                           **Division VI**

    Defendant.

**PLAINTIFF'S SECOND SET OF INTERROGATORIES AND**
**REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO STATE FARM MUTUAL**

COMES NOW the Plaintiff, William Hoerning, pursuant to Rule 33 and Rule 34 of the Tennessee Rules of Civil Procedure, and propounds the following Second Set of Interrogatories and Requests for Production of Documents to the Defendants, State Farm Mutual Automobile Insurance Company, to be answered by Defendants fully, under oath, and within the time period prescribed by law.

**INTRODUCTORY STATEMENT**

In answering each interrogatory:

As used in these interrogatories, the terms listed below shall be defined as follows:

"Person" means any natural person, firm, association, partnership, governmental agency or other legal entity unless indicated otherwise.

"Document" means any kind of written or graphic matter, however produced or reproduced of any kind or description, whether sent or received or neither, including originals, copies and drafts and both sides thereof, and including but not limited to:   papers, books, lett4ers, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports, drawings, blueprints, and tape recordings of any type or size, and recordings of telephone or other conversations, or of interviews, conferences or other meetings, affidavits, statements, summaries, opinions, reports, studies, analysis, evaluations, contracts, agreements, journals, statistical reports, desk calendars, appointment books diaries, lists tabulations summaries, sound recordings, computer printouts, data processing input and output, microfilms, and all other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing, however denominated.

The word "or" means "and/or;" also, the word "and" means "and/or."

"Written communication meant, without limitation, correspondence, letters, and telegrams whether received or not.

"Oral communication" means both telephone and face-to-face communication.

"Describe with exact specificity" is a request that when appropriate, the answer contains the details specified in sub-paragraphs 1 through 6 below, including the identification of all documents, written communications and oral communications relied upon or relevant thereto.  If any such details are required in answering more than one interrogatory, repetition is not necessary, providing Defendant supplies

complete detail in its answer to one interrogatory and in subsequent answers refers to the page and line number at which the detail was previously supplied.

(1)   As to each course of action or conduct referred to, a statement of each act, event, transaction, occasion, incident or matter claimed to be part of the course of action or conduct including:

(a)   the date, time and place when it occurred;

(b)   the identity of each person participating, and a statement of whom such person purported to represent;

(c)   a statement of the subject matter;

(2)   As to each person referred to, a statement of his name, occupation, last known address, and last known employment.

(3)   As to each "document" (other than a written communication) mentioned or referred to in the answer, a statement of:

(a)   its nature, i.e., contract, memorandum, report, recording, transcription, etc.;

(b)   its title, if any;

(c)   the date it was prepared;

(d)   the identity of each person who prepared it, participated in its preparation and/or signed it;

(e)   who each of the persons referred to in (d) purported to represent;

(f)   its subject matter, and

(g)   the name and last known address of the person who presently has

custody of it;

(4)   As to each "written communication," a statement of

    (a)   its nature, i.e., letter, memorandum, etc.

    (b)   the date it was signed or sent;

    (c)   the date it was received;

    (d)   the identity of the person to whom it was sent;

    (e)   the identity of any person sent a copy;

    (f)   who each such person purported to represent;

    (g)   the subject matter of the communication;

    (h)   the name and last know address of the person who presently has custody of it.

(5)   As to each "oral communication" mentioned or referred to in the answer, a statement of

    (a)   the persons involved;

    (b)   the date on which it occurred;

    (c)   where it occurred or, if a telephone conversation, the place at which each person involved was located;

    (d)   what was said by each person involved.

(6)   The name, last known address, official position of each and every person who supplied the person answering these interrogatories with any of the information contained in the answer to the interrogatory.

Grammar and syntax as used in these interrogatories shall be construed and interpreted to give proper meaning and consistency to its context.   By way of

)                                    )

illustration, and not by way of limitation, the singular may be construed to include the plural, the plural the singular, and the use of any gender or tense may be construed to include all genders and tenses.

"You" includes State Farm Mutual Auto Insurance Company, or any person or party in privity with them.

Each interrogatory is intended to and does request that each and every part and particular thereof be answered as though it were the subject of, and were asked by, a separate interrogatory.

INTERROGATORY NO. 22:  Please state the basis for Defendant State Farm's refusal to pay the remaining uninsured motorist benefits provided to Plaintiff under policy numbers C159-281-24F, 0555-205-24A, 1944-542-24A and bearing claim numbers 24-5526-517, 24-5526-509, 24-5495-152 regarding the accident of July 12, 2007 referenced in the complaint.

## REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 16:  Produce a copy of the entire claim file including without limitation, adjuster notes, supervisor notes, electronic messages including e-mail, opinion letters from counsel, memorandums, and any other documents relating to claim numbers 24-5526-517, 24-5526-509, 24-5495-152 regarding the accident of July 12, 2007 referenced in the complaint.

REQUEST NO 17:  Please produce a copy of the Defendant State Farm Mutual Auto's claim manual, procedure manual, operating manual, or any other document setting forth procedures for the handling of uninsured motorist claims in force and effect on and after July 12, 2007.

REQUEST NO 18:  Please produce a copy of the Defendant State Farm's claim manual, procedure manual, operating manual, or any other document setting forth procedures for the handling of uninsured motorist claims arising under Mississippi law in force and effect on and after July 12, 2007.

REQUEST NO 19:  Please produce a copy of the Defendant State Farm's claim manual, procedure manual, operating manual, or any other document setting forth procedures for the handling of first party automobile insurance claim arising under Mississippi law in force and effect on and after July 12, 2007.

REQUEST NO. 12:  Produce a certified copies of the State Farm Policy Numbers C159-281-24F, 0555-205-24A, 1944-542-24A including declarations and all policy language and endorsements in force and effect on July 12, 2007.

Respectfully submitted,

THE LAW OFFICE OF JULIAN T. BOLTON

Julian T. Bolton, Esq. (BPR # 15378)
Drayton D. Berkley (BPR 022601)
Attorney for Plaintiff
81 Monroe Avenue, Suite 400
Memphis, Tennessee 38103
(901) 507-2521

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies a copy of the foregoing has been served upon counsel for the defendants of same in the U.S. Mail, first class postage paid and properly addressed to:

Robert L. Moore
Heaton and Moore, P.C.
100 North Main Building, Suite 3400
Memphis, Tennessee 38103-0534

Darryl D. Gresham
 **Allen, Summers, Simpson, Lillie & Gresham**
80 Monroe Avenue Ste 650
Memphis, TN 38103

This the 26th[th] day of February 2010.

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

FILED
FEB 26 2010
CIRCUIT COURT CLERK
BY_____ D.C.

**WILLIAM HOERNING**
**Plaintiff**

**vs.**

CAUSE NO. CT-005017-09
Division VI

**STATE FARM MUTUAL AUTOMOBILE INSURANCE and**
**DOUGLAS R TATE**

     **Defendant**

---

### FIRST AMENDED COMPLAINT FOR DAMAGES
### JURY DEMANDED

---

**COMES NOW THE PLAINTIFF,** William Hoerning, by and through the undersigned counsel files this Complaint for damages, and in support thereof states as follows:

12. The Plaintiff, William Hoerning, is an adult resident citizen of DeSoto County, Mississippi.

13. The Defendant State Farm Mutual Automobile Insurance Company is on information and belief a insurance corporation organized and existing pursuant to the laws of the State of Illinois with its principal place of business at Bloomington, Illinois.   State Farm may be served with process by service on its attorney of record.

*Tort and UM Claims*

14. The Defendant, Douglas R. Tate, is an adult resident citizen of Memphis Shelby County, Tennessee, residing at 6588 Finch Road Memphis, TN  38141.

Defendant Tate may be served with process at that address.  This Defendant may also be served by service on his attorney of record.

4.     On or about July 12, 2007[1], Defendant Tate was proceeding northbound on Kirby headed towards Corsica.

5.   The Defendant, Tate, negligently rear-ended, Plaintiff, Hoerning, who was also traveling northbound on Kirby.

6.   As a result of the negligence of the Defendant, Tate the Plaintiff was severely injured.

7.   The Defendant, Tate's negligence was directly and proximately caused the injuries sustained by the Plaintiff,  Hoerning.

8.   The Defendant, Tate, breached his duty of reasonable care in failing to maintain a proper lookout, failing to maintain a reasonable and proper speed, failing to yield the right of way to the Plaintiff.

9.   The Defendant's negligence violates the following Tennessee statues and constitutes negligence *per se*:

(1) § 55-8-136   Drivers to exercise due care.

(2) § 55-8-124   Following Another Vehicle

10.   The Defendant's negligence violates the following ordinances of the City of Memphis and constitutes negligence *per se*:

(1) § 11-16-3. Duty to drive at a safe speed, maintain lookout, and keep vehicle under control.

---

[1] This matter was previously filed as cause no. 1298305 in the Shelby County General Sessions Court.  That

2

(2) § 11-16-2. Duty to devote full time and attention to operating vehicle.

(3) § 11-16-20.  Following too closely

11. As a further direct and proximate result of the Defendant's negligence reasonable care, the Plaintiff has incurred past and future medical bills, past and future pain and suffering, mental anguish, past and future lost of earning capacity, past and future loss of enjoyment of life and scarring.

*Mississippi Bad Faith Investigation, Delay, Refusal and Tortious Breach of Uninsured Motorist Coverage Claims*

12. The Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

13. At all material times, Plaintiff was a resident of the State of Mississippi and his insurance policies were delivered in the State of Mississippi and accordingly, Mississippi insurance and bad faith law apply with regards to construction and application of the uninsured motorist provisions of the policies and the application of Mississippi bad faith principles.

14. On or about July 12, 2007, Plaintiff was an uninsured motorist insured under three State Farm policies:  C159-281-24F, 0555-205-24A, and 1944-542-24N.

15. On or about October 3, 2008, State Farm refused a demand submitted by the Plaintiff in April 14, 2008 to settle his uninsured motorist claim.

16. On or about January 6, 2010, State Farm refused a second demand

cause was dismissed without prejudice on November 5, 2008.

S:\BOLTON\CLIENTS\HOERNING\PLEADINGS\10-01-14  FIRST AMENDED COMPLAINT.DDB[1].doc

submitted by the Plaintiff on December 16, 2009 for the "stacked" uninsured motorist coverages available to him.

17. State Farm has no arguable reason to deny the Plaintiff the remaining uninsured motorist benefits available to him.  State Farm's consistent failure to pay these benefits constitutes a tortuous breach of contract and a bad faith refusal to pay rightfully owing uninsured motorist benefits, bad faith failure to properly investigate the claim, and a bad faith delay in payment in uninsured motorist benefits.

18. State Farms Failure tortuous and bad faith conduct regarding Plaintiffs uninsured motorist benefits proximately caused plaintiff to suffer extra-contractual and consequential damages including attorney fees, and costs of litigation.   State Farm's bad faith conduct entitles Plaintiff to a further award of punitive damages as well as attorney fees and expenses.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff, respectfully requests that the Court render judgment in favor of the Plaintiff, William Hoerning in the amount of $2,000,000.00 (Two Million Dollars and no cents).

**FURTHER,** Plaintiff respectfully demands a jury to try this cause.

Respectfully submitted,

THE LAW OFFICE OF JULIAN T. BOLTON

JULIAN T. BOLTON, ESQ.  (BPR #15378)
DRAYTON D. BERKLEY, ESQ. (BPR#020601)
**Attorney for Plaintiff**
The Businessmen's Club
81 Monroe Avenue, Suite 400

4

Memphis, Tennessee 38103

CERTIFICATE OF SERVICE

The undersigned hereby certifies a copy of the foregoing has been

served upon counsel for the defendants of same in the U.S. Mail, first class

postage paid and properly addressed to:

> Robert L. Moore
> Heaton and Moore, P.C.
> 100 North Main Building, Suite 3400
> Memphis, Tennessee  38103-0534
>
> Darryl D. Gresham
> Allen, Summers, Simpson, Lillie & Gresham
> 80 Monroe Avenue Ste 650
> Memphis, TN 38103

This the 26th day of February 2010.

5

## IN THE CIRCUIT COURT OF TENNESSEE
### FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**WILLIAM HOERNING**
    **Plaintiff**

**vs.**

                             **CAUSE NO. CT-005017-09**
                                   **Division VI**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE and**
**DOUGLAS R TATE**

    **Defendant**

---

### CERTIFICATE OF CONSULTATION REGARDING MOTION TO AMEND

---

           **COMES NOW THE PLAINTIFF,** William Hoerning, by and through the undersigned counsel and LR 5 and certifies that his counsel consulted with Counsel for State Farm Regarding the Motion to Amend and State Farm's Counsel confirmed that they would not consent to allow the amendment. Tate's counsel has also confirmed that he will not consent to the Motion to Amend.

           Respectfully submitted,

           THE LAW OFFICE OF JULIAN T. BOLTON

           **JULIAN T. BOLTON, ESQ. (BPR #15378)**
           **DRAYTON D. BERKLEY, ESQ. (BPR#020601)**
           **Attorney for Plaintiff**
           The Businessmen's Club
           81 Monroe Avenue, Suite 400
           Memphis, Tennessee 38103

FILED
FEB 18 2010
CIRCUIT COURT CLERK
BY_____ D.C.

)                                    )

CERTIFICATE OF SERVICE

The undersigned hereby certifies a copy of the foregoing has been

served upon counsel for the defendants of same in the U.S. Mail, first class

postage paid and properly addressed to:

> Robert L. Moore
> Heaton and Moore, P.C.
> 100 North Main Building, Suite 3400
> Memphis, Tennessee   38103-0534
>
> Darryl D. Gresham
> Allen,  Summers, Simpson, Lillie & Gresham
> 80 Monroe Avenue Ste 650
> Memphis, TN 38103

This the 18th  day of February 2010.

                              _____
                              Drayton D. Berkley

2

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

WILLIAM HOERNING
    Plaintiff

vs.

                     CAUSE NO. CT-005017-09
                     Division VI

STATE FARM MUTUAL AUTOMOBILE INSURANCE and
DOUGLAS R TATE

    Defendants

*FILED FEB 16 2010 CIRCUIT COURT BY ___ CLERK D.C.*

*CT-005017-09*
*Div 6 LC*

---

## REBUTTAL TO STATE FARM'S RESPONSE TO MOTION TO AMEND COMPLAINT WITH AUTHORITY

---

    **COMES NOW THE** Plaintiff, by and through undersigned counsel and files herewith his rebuttal to State Farm's response to Motion to Amend Complaint.

    1.    Plaintiff is not seeking to assert a direct complaint against State Farm solely for uninsured motorist benefits.    See proposed Amended Complaint, paragraphs 3-11.    Plaintiff is also seeking to add bad faith claims against State Farm pursuant to Mississippi substantive law.    See proposed Amended Complaint, paragraphs 12-18.

    2.    Mississippi substantive uninsured motorist law applies to this claim because State Farm issued the policies in Mississippi to a Mississippi resident[1]. *Great American Insurance Company v. Hartford Acc. & Indemn.*, 519 S.W.2d 579

---

[1] A copy of the relevant certificates of coverage are attached herewith as Exhibits A, B, and C.

(Tenn. 1975) (New York law applied to insurance policy issued in New York to a New York resident for a Memphis, Tennessee accident; *Ohio Cas. Ins. v. Traveler's Indem.*, 493 S.W.2d 465 (Tenn. 1973) (Kentucky law applied to insurance policy issued in Kentucky to Kentucky resident for a Tennessee accident); *Burress v. Sanders*, 31 S.W.3d 259 (Tenn. App. 2000) (Georgia law applied to insurance policy issued in Georgia to Georgia resident for a Tennessee accident); *Stakem v. Randolph*, 431 F.Supp. 2d 781 (ED Tenn. 2006)[2]   (State Farm argued and the District Court agreed that State Farm's UM liability was determined by Florida law when the insurance policy was issued in Florida to Florida residents for a Tennessee accident).

3.   Mississippi bad faith insurance law also applies to this claim.   *First American Bank of Nashville v. Automobile Ins Co.*, 252 F.2d 52 (6th Cir. 1958) (Kentucky law appled to insurance policy issued to a Kentucky resident and Tennessee bad faith penalty statute was inapplicable); *Abraham v. State Farm Mutual Auto. Ins*, 465 F.3d 609, 612-13 (5th Cir. 2006) (Mississippi bad faith uninsured motorist law applied to claim of dual Louisiana/Mississippi resident for Mississippi insurance policy and Lousiana accident).   The Court would violate V Amendment Due Process by applying Tennessee substantive law to this policy.   *See* First Nationa Bank of Nashville, 252 F.2d at 64-65 (Application of Tennessee bad faith statute to Kentucky policies violates Due Process).

---

[2] A copy of this authority is attached as Exhibit D.

4.   In *Shupe v. Simcox*[3], 2009 WL 3152810, pp2-3 (ED Tenn. Sept. 28, 2009), the District Court held that because Florida law applied to an automobile policy issued in Florida to a Florida resident, the Florida plaintiff could maintain a direct action against its UM carrier consistent with Florida law[4] notwithstanding the provisions of Tenn. Code Ann. Sec 56-7-1206(a).   A claim for uninsured motorist benefits is a contractual claim under Mississippi law.   *Mitchell v. Progressive Ins.*, 965 So.2d 679,683 (Miss. 2007).   Like Florida law, Mississippi law authorizes the Plaintiff to file suit against the tortfeasor and UM carrier in the same suit[5].   Tennessee even allows direct actions against uninsured motorist insurers when the insured settles the claim against the tortfeasor with the insurer's knowledge and the carrier does not warn the insured.   *Gaston v. Tennessee Farmer's Mutual*, 120 S.W.3d 815 (Tenn. 2003).

5.   In the case at hand, the Court should authorize Plaintiff to join State Farm directly with regards to his bad faith claims against it.   Mississippi substantive law authorizes these claims and this Court should consistently apply Mississippi law[6] to the Plaintiff's uninsured motorist and bad-faith claims.

WHEREFORE PREMISES CONSIDERED, the Plaintiff requests the Court to authorize him

---

[3] A copy of this authority is attached as Exhibit E.
[4] Florida law authorized the Plaintiff to file suit against tortfeasor and insurance carrier in same suit. *Id* at p3.
[5] *Etheridge v. Liberty Mutual Ins. co*, 2008 WL 4057072 (ND Miss. August 26, 2008); *Mohammed v. Mitchell*, 2006 WL 212218 (ND Miss. January 24, 2006).  Copies of these cases are attached as Exhibits F and G.
[6] *Assuming arguendo* that Tennessee substantive law applied to Plaintiffs uninsured motorist claims, then Plaintiff would be seeking the uninsured motorist limits equal to the $1,000,000.00 in liability limits that applied to the vehicle he was driving in as reflected in Exhibit A pursuant to Tenn. Code. Ann. Sec. 56-7-1201(a)(1).

3

to Amend the Complaint as set forth in Exhibit A to the Motion to Amend.

Respectfully submitted,

The Law Office of Julian T. Bolton

By: _____

Julian T. Bolton, Esq. #15378
Drayton D. Berkley, Esq. #022601
Attorney for Plaintiffs
81 Monroe Avenue, Suite 400
Memphis, Tennessee 38103
(901) 507-2521

### Certificate of Service

I the undersigned to hereby certify that a copy of  the above and foregoing pleading was transmitted by United States Mail to the following:

Robert L. Moore
Heaton and Moore, P.C.
100 North Main Building, Suite 3400
Memphis, Tennessee 38103-0534
Attorneys for State Farm

Darryl D. Gresham
**Allen, Summers, Simpson, Lillie & Gresham**
80 Monroe Avenue Ste 650
Memphis, TN 38103
Attorney for Douglas R. Tate

This the _____ day of February 2010.

OF COUNSEL

4

# Certificate of Coverage

This policy is issued by:                                    24-5495-152

☒ State Farm Mutual Automobile Insurance Company
☐ State Farm County Mutual Insurance Company of Texas
☐ State Farm Fire and Casualty Company
☐ State Farm Lloyds
☐ State Farm Indemnity Company
☐ State Farm Florida Insurance Company
☐ _____

   (Write in the name of the appropriate State Farm® affiliate)

This certifies that policy number  C159-281-24F _____ , covering a(n)

**2005 Chevy K1500 VIN#1GCEK19B75E232521** , was issued to  **William R Hoerning**

**4764 Bobo Place, Olive Branch, MS  38654-8252**

and was in effect on the accident date of  07/12/2007 _____ . The coverages and limits of

liability for this policy on that date were  A 1000/1000/1000,C 1,000,D1000,G1000,U1 50/100/25

State of **Mississippi** _____ )
                                                                    Claim Team Manager
                                           ) ss.

County of **Desoto** _____ )

   Subscribed and sworn to before me this ____ 16 ____ day of  Dec ___ , (Year) 2007

                                                                    Notary Public

My Commission Expires:
NOTARY PUBLIC STATE OF MISSISSIPPI AT LARGE
MY COMMISSION EXPIRES: Jan 31, 2010
BONDED THRU NOTARY PUBLIC UNDERWRITERS

EXHIBIT
A

1002014                                                        123207.5   06-19-2009



# Certificate of Coverage

This policy is issued by:                                                24-5526-509

☒ State Farm Mutual Automobile Insurance Company
☐ State Farm County Mutual Insurance Company of Texas
☐ State Farm Fire and Casualty Company
☐ State Farm Lloyds
☐ State Farm Indemnity Company
☐ State Farm Florida Insurance Company
☐ _____

   (Write in the name of the appropriate State Farm® affiliate)

This certifies that policy number  0555-205-24A _____, covering a(n)

1999 Lexus GS300 VIN#JT8BD68S6X0056734 _____, was issued to  Gregory D Conatser _____

4764 Bobo Place, Olive Branch, MS  38654-8252 _____

and was in effect on the accident date of  07/12/2007 _____. The coverages and limits of

liability for this policy on that date were  A 50/100/25,C 1,000,D250,G250,H,R1 80%/1000,U1 50/100/25

_____

_____

_____


State of  Mississippi _____ )

                                          ) ss.        Claim Team Manager

County of  Desoto _____ )

   Subscribed and sworn to before me this  16  day of  Dec  (Year) 2007

                                          Notary Public

My Commission Expires:

NOTARY PUBLIC STATE OF MISSISSIPPI AT LARGE
MY COMMISSION EXPIRES: Jan 31, 2010
BONDED THRU NOTARY PUBLIC UNDERWRITERS

**EXHIBIT**
B



# Certificate of Coverage

24-5526-517

This policy is issued by:

- ☒ State Farm Mutual Automobile Insurance Company
- ☐ State Farm County Mutual Insurance Company of Texas
- ☐ State Farm Fire and Casualty Company
- ☐ State Farm Lloyds
- ☐ State Farm Indemnity Company
- ☐ State Farm Florida Insurance Company
- ☐ _____

   (Write in the name of the appropriate State Farm® affiliate)

This certifies that policy number  1944-542-24N                                    , covering a(n)

2007 Chevy Corvette VIN#1G1YY36U775111206      , was issued to  Mary T Hoerning

4764 Bobo Place, Olive Branch, MS  38654-8252

and was in effect on the accident date of  07/12/2007                                 . The coverages and limits of

liability for this policy on that date were  A 50/100/25,C 5,000,D1000,G1000,H,U1 50/100/25

State of  Mississippi                                )

                                                    ) ss.

County of  Desoto                                   )

   Subscribed and sworn to before me this _____ / 6 _____ day of ___Dec___ , (Year) 20 09

Claim Team Manager

Notary Public

My Commission Expires:

NOTARY PUBLIC STATE OF ........ 408
MY COMMISSION EXPIRE .... 4-30
BONDED THRU NOTARY PUBLIC UNDERWRITERS

**EXHIBIT**

C

1002014

123207.5   06-19-2009

Westlaw.

431 F.Supp.2d 782
(Cite as: 431 F.Supp.2d 782)

Page 1

**H**

United States District Court, E.D. Tennessee.
Daniel Joseph STAKEM, III, and wife, Carol
Stakem, Plaintiffs,
v.
Kimber Lee RANDOLPH, Defendant.
No. 3:04-CV-311.

May 12, 2006.

**Background:** In litigation arising out of accident, insured and their uninsured and underinsured motorist (UM/UIM) carrier filed cross-motions for summary judgment on claim for UIM benefits.

**Holdings:** The District Court, Shirley, United States Magistrate Judge, held that:
(1) Florida law applied to coverage issues under Florida policy, notwithstanding parties' agreement to arbitrate liability and damages under procedures of Tennessee UM arbitration statute;
(2) policy limited UM/UIM recovery for non-economic damages to cases in which insured suffered serious injury under Florida UM law; and
(3) insured was not entitled to recover for emotional injuries absent medical evidence indicating he suffered "serious injury" in form of "permanent bodily injury."

Motions granted in part and denied in part.

West Headnotes

**[1] Insurance 217 ⟿1092**

217 Insurance
   217III What Law Governs
     217III(A) Choice of Law
       217k1092 k. Contractual or Policy
Clauses; Agreements. Most Cited Cases
    (Formerly 217k1097)
Under Tennessee law, parties' agreement to arbitrate liability and damages incurred by Florida insured in Tennessee accident under procedures of

Tennessee uninsured motorist (UM) statute and to reserve coverage issues for court did not render Tennessee law, rather than Florida law, applicable to issue of coverage under uninsured and underinsured motorist (UM/UIM) policy issued in Florida.

**[2] Insurance 217 ⟿1088**

217 Insurance
   217III What Law Governs
     217III(A) Choice of Law
      217k1086 Choice of Law Rules
       217k1088 k. Place of Contracting or
Performance. Most Cited Cases
Under Tennessee conflict of laws rules, the liability of an insurance company under a policy of insurance is determined by the law of the state where the contract for insurance was made.

**[3] Insurance 217 ⟿1091(11)**

217 Insurance
   217III What Law Governs
     217III(A) Choice of Law
      217k1086 Choice of Law Rules
       217k1091 Particular Applications of
Rules
        217k 1091( 9) Automobile Insurance
        217k1091(11) k. Uninsured or
Underinsured Motorist Coverage. Most Cited Cases
Under Tennessee conflict of laws rules, Florida law governed coverage under uninsured and underinsured motorist (UM/UIM) policies for injuries received in Tennessee accident by insureds who were residents of Florida and whose policies were written and delivered in that state.

**[4] Insurance 217 ⟿2673**

217 Insurance
   217XXII Coverage--Automobile Insurance
     217XXII(A) In General
      217k2672 Nature and Cause of Injury or

© 2010 Thomson Reuters. No Claim to Orig. US G

EXHIBIT

431 F.Supp.2d 782
(Cite as: 431 F.Supp.2d 782)

Damage
          217k2673  k.  In  General.  Most  Cited
Cases
Under Florida law, uninsured and underinsured mo-
torist (UM/UIM) automobile policy, which limited
recovery  of  non-economic  damages  to  cases  in
which  injury  constituted  "serious  injury"  under
Florida no-fault law, restricted recovery for in-
sured's accident, notwithstanding that insured was
injured while riding motorcycle and Florida's no-
fault law and its tort threshold did not apply to mo-
torcycles; policy language, not no-fault law itself,
governed coverage for accident and Florida law
permitted limiting UM/UIM benefits for pain and
suffering in comparable manner. West's F.S.A. §§
627.737(2), 627.727(7).

**[5] Insurance 217 ⚖️2673**

217 Insurance
     217XXII Coverage--Automobile Insurance
          217XXII(A) In General
               217k2672 Nature and Cause of Injury or
Damage
                    217k2673  k.  In  General.  Most  Cited
Cases
Under Florida law, uninsured and underinsured mo-
torist (UM/UIM) benefits were not available for
serious emotional injury suffered as result of acci-
dent, in form of post traumatic stress disorder, ad-
justment disorder, and some memory loss, where
insured did not suffer "serious injury" as required
under policy in form of "permanent bodily injury,"
given lack of evidence that insured's bodily injuries
were permanent. West's F.S.A. §§ 627.737(2),
627.727(7).
*783 W. Holt Smith, Madisonville, TN, for Plaintiffs.

Sarannah L. McMurtry, Law Offices of Permanent
General, Nashville, TN, James S. MacDonald,
Dunn, MacDonald, Coleman & Reynolds, PC,
Knoxville, TN, for Defendant.

*MEMORANDUM OPINION*

SHIRLEY, United States Magistrate Judge.

This case arises out of a motor vehicle accident.
The  plaintiff  Daniel  Joseph  Stakem  and  the
plaintiffs'  uninsured  motorist  ("UM")  insurance
carrier, State Farm Mutual Automobile Insurance
Company ("State Farm") both move for summary
judgment. For the reasons set forth below, the mo-
tion for Summary Judgment by State Farm Mutual
Automobile  Insurance  Company  [Doc.  12]  is
GRANTED. The Motion for Summary Judgment
by Plaintiff Daniel Joseph Stakem [Doc. 15] is
DENIED.

I.

The underlying facts are undisputed. On July 20,
2003, the plaintiff Daniel Stakem was operating his
motorcycle in the Great Smoky Mountains National
Park with his wife Carol riding along as a passen-
ger. The defendant Kimber Lee Randolph was an
automobile traveling in the opposite direction. Ms.
Randolph made a left turn in front of the plaintiffs'
motorcycle, causing a collision. The motorcycle
impacted the right rear quarter panel of Ms. Ran-
dolph's vehicle, and the Stakems were thrown from
the motorcycle.

Mr. and Mrs. Stakem both received full per person
policy limits of $25,000 from the liability carrier
for Ms. Randolph, and the plaintiffs furnished re-
leases. Mrs. Stakem also received two $100,000
payments, for a total of $200,000, representing
*784 the full policy limits available to her through
her two policies of uninsured motorist coverage
with the plaintiffs' uninsured/underinsured motorist
insurance carrier, State Farm Mutual Automobile
Insurance Company ("State Farm").[FN1]

          FN1. The two State Farm policies in ques-
          tion are identical in terms. One policy in-
          sures a 2003 Ford Explorer. The other in-
          sures a 1993 Mercury Sable.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

431 F.Supp.2d 782
(Cite as: 431 F.Supp.2d 782)

The parties proceeded to arbitrate Mr. Stakem's entitlement to additional potential benefits. The arbitration hearing was held on July 15, 2005. Both plaintiffs testified at the hearing, as did Florida neuropsychologist Dr. Douglas J. Mason. On August 10, 2005, the arbitrator submitted the Arbitration Award to this Court. [Doc. 11]. The arbitrator found that Mr. Stakem had suffered a "serious emotional injury" as a result of the defendant's negligence. The arbitrator further noted that "Dr. Mason testified that although Mr. Stakem has the potential to return to a reasonable level of functioning he may never completely recover." [*Id.*]. The arbitrator awarded Mr. Stakem medical expenses in the amount of $8,638.71; future medical expenses of $1,800.00; past and future pain and suffering in the amount of $30,000.00; and past and future loss of enjoyment of life in the amount of $30,000.00, for a total of $70,438.71 in damages. [*Id.*].

As Mr. Stakem has already received $25,000 from Ms. Randolph's liability carrier, the issue before the Court is whether Mr. Stakem has any benefits available to him under the State Farm policies that would pay the balance of the Arbitrator's Award in the amount of $45,438.71.

II.

[1][2] As a threshold matter, the Court must address the plaintiffs' contention that this case should be decided under Tennessee's Uninsured Motorist ("UM") Statute, Tenn.Code Ann. § 56-7-1201, *et seq.* and Tennessee tort law. [Doc. 16]. Specifically, the plaintiffs contend that because State Farm invoked the arbitration provisions of the Tennessee Uninsured Motorist Statute, Florida law cannot be applied to determine whether the insurance policies provide for recovery of Mr. Stakem's damages. The plaintiffs argue that to apply Florida law would result in a waste of judicial resources because the plaintiffs already have an arbitration award under Tennessee law, but would also have the right under Florida law to pursue a trial by jury on the issue of insurance coverage. Thus, the plaintiffs argue, "the

only reasonable way" for this case to proceed is for the Court to apply Tennessee law and enter a judgment in favor of Mr. Stakem for the entire arbitration award.

State Farm argues that the parties agreed to follow the arbitration procedures set forth in the Tennessee UM Statute, despite the fact that the Statute applies only to insurance policies "delivered, issued for delivery, or renewed in this state [Tennessee]." *See* Tenn.Code Ann. § 56-7-1201(a). State Farm argues that the parties did so because the arbitration procedures provided a relatively simple way to resolve the parties' dispute: if the arbitrator's award did not exceed the $25,000 payment previously made to Mr. Stakem, any coverage issues would be moot. If the arbitrator's award exceeded the previous $25,000 payment, then the parties would litigate the coverage issues pursuant to Tenn.Code Ann. § 56-7-1206(h)(5) ("Coverage issues shall be decided by a court of competent jurisdiction; the arbitrator shall decide issues of tort liability and damages only."). The parties' agreement to this effect is memorialized in the letter of attorney James MacDonald to attorney W. Holt Smith dated June 9, 2005:

*785 Finally, as we discussed, under the provisions of T.C.A. 56-7-1206(h)(5) the arbitrator can decide only questions of "liability and damages" with coverage issues being reserved "to a court of competent jurisdiction," here, our local federal district court, Magistrate Judge Cliff Shirley.

[Doc. 19 Coll. Ex. 1].

[3] The Court agrees with State Farm that Tennessee law is not applicable to the issue currently before the Court. The parties agreed to arbitrate only the issues of liability and damages and to reserve any issues regarding coverage for the undersigned. Under Tennessee conflict of laws rules, which this Court must apply in this diversity action, the liability of an insurance company under a policy of insurance is determined by the law of the state where the contract for insurance was made. *See Carr v. American Universal Ins. Co.*, 341 F.2d 220, 222

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 4

431 F.Supp.2d 782
(Cite as: 431 F.Supp.2d 782)

(6th Cir.1965); *Hensley v. Miles,* No. 2:01-cv-142, 2005 WL 1182528, at *3 (E.D.Tenn. May 18, 2005) . In this case, the Stakems were both residents of Florida, and the subject insurance policies were written and delivered to them in the State of Florida. Accordingly, Florida law governs the interpretation of their policies. The plaintiffs' argument that Tennessee law should govern the interpretation of these insurance contracts simply because the underlying liability and damage issues were arbitrated in Tennessee is without merit.

### III.

Having determined the applicable substantive law to be applied in this case, the Court turns to the substantive issues raised by the parties. State Farm first argues that there is no coverage because Mr. Stakem failed to comply with policy provisions and applicable Florida law, particularly the threshold requirements set forth in the Florida Motor Vehicle No-Fault Law ("No-Fault Law"), Fla. Stat. Ann. § 627.737(2), which are incorporated into the subject policy. Specifically, State Farm argues that Mr. Stakem cannot satisfy the threshold requirement of the existence of a permanent bodily injury within the required degree of medical probability because he failed to present proper medical proof at the arbitration proceeding. Further, State Farm contends that the vast bulk of Mr. Stakem's injuries "result from" the injuries to his wife, and consequently all applicable per person limits under the State Farm policies in question totaling $200,000 have been fully exhausted by virtue of presuit payment by State Farm to Mrs. Stakem. [Doc. 13].

Mr. Stakem argues that he is not required to meet the no-fault threshold in order to recover his damages because Florida's No-Fault Law does not apply to motorcycles, and thus, Mr. Stakem argues that he is entitled to receive UM benefits without satisfying any threshold requirement of the No-Fault Law. Mr. Stakem argues that applying the threshold requirements under these circumstances would be a denial of his constitutional right of access to the courts. Even if the terms of the Florida No-Fault Law were applied, Mr. Stakem contends that he has presented proof of a serious and permanent injury, separate and apart from his wife's injuries, and is therefore entitled to compensation under the terms of his insurance policy. [Doc. 15].

The relevant portions of the insurance policies at issue are identical in their terms and state, in pertinent part, as follows:

We will pay damages for **bodily injury** an **insured** is legally entitled to collect from the owner or driver of an **uninsured motor vehicle.** The **bodily injury** must be sustained by an **insured** and must be caused by accident arising out of the operation, maintenance or use of an **uninsured motor vehicle.**

*786 The **bodily injury** must be a serious injury as described in section 627.737(2) of the Florida Motor Vehicle No-Fault Law before we will pay for damages consisting of pain, suffering, mental anguish, or inconvenience.

In other words, pursuant to the State Farm policies, the insured may recover only economic damages, such as medical expenses or lost wages, unless the injury constitutes a "serious injury" within the meaning of section 627.737(2) of the No-Fault Law. That provision provides that a plaintiff may recover tort damages for pain, suffering, mental anguish, and inconvenience because of bodily injury, sickness, or disease arising out of the ownership, maintenance, operation, or use of such motor vehicle only in the event that the injury or disease consists in whole or in part of:
(a) Significant and permanent loss of an important bodily function.

(b) Permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement.

(c) Significant and permanent scarring or disfigurement.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

431 F.Supp.2d 782
(Cite as: 431 F.Supp.2d 782)

(d) Death.

Fla. Stat. Ann. § 627.737(2). These threshold requirements are incorporated into the Florida UM statutes as well. Specifically, Fla. Stat. Ann. § 627.727(7) provides that "[t]he legal liability of an uninsured motorist coverage insurer does not include damages in tort for pain, suffering, mental anguish, and inconvenience unless the injury or disease is described in one or more of paragraphs (a)-(d) of s. 627.737(2)."

Under the No-Fault Law, motor vehicles are required to carry mandatory insurance which provides personal injury protection ("PIP") benefits. In exchange, they receive the dual benefit of (1) being reimbursed by their own carrier for most of their own economic damages without regard to fault and for their non-economic damages, so long as the threshold requirements are met and (2) being exempted from liability for non-economic damages, except in cases that satisfy the threshold requirements.

The plaintiff is correct that Florida courts have determined that a motorcycle is not a "motor vehicle" within the meaning of the No-Fault Law, and therefore, a motorcycle operator is not required to maintain security. See Scherzer v. Beron, 455 So.2d 441, 442 (Fla.Dist.Ct.App.1984); Clausell v. Buckney, 475 So.2d 1023, 1025 (Fla.Dist.Ct.App.1985). Because motorcycles are exempt from the security requirement, courts have held that a motorcyclist is not required to satisfy the threshold requirement of section 627.737(2) in order to maintain a tort action for damages. See Scherzer, 455 So.2d at 442; Clausell, 475 So.2d at 1025. The Scherzer Court explained this result as follows:

To say that under the no-fault provisions a motorcyclist is not only precluded from obtaining personal injury protection benefits but barred from maintaining a tort action as well, is to leave a motorcyclist without a remedy. In Lasky v. State Farm Ins. Co., 296 So.2d 9 (Fla.1974), the Florida Supreme Court recognized the derivative benefit from mandatory insurance coverage:

n exchange for the loss of a former right to recover-upon proving the other party to be at fault-for pain and suffering, etc., in cases where the thresholds of the statute are not met, the injured party is assured a speedy payment of his medical bills and compensation for lost income from his own insurer, even where the injured party was himself clearly at fault.... The provisions of F.S. 627.737, F.S.A, do provide a reasonable alternative to the traditional action in tort, and therefore*787 do not violate the right of access to the courts....

Id. at 15. In the case of a motorcyclist, no such alternative exists.

Scherzer, 455 So.2d at 443. Accordingly, the Florida District Court concluded, requiring a motorcyclist to meet the threshold requirement in order to recover damages in tort would be a denial of the constitutional right of access to courts. Id.

It is the opinion of this Court that the plaintiff's argument misses the point. The issue is the application of the policy language, not the application of a no-fault statute (except to the extent that the language of the statute is incorporated into the policy). Mr. Stakem's recovery is governed by the UM policy provisions, not the No-Fault Law. The confusion arises because the UM policy carrier chose to describe the UM policy limitations by reference to the No Fault Law's threshold requirements. The policy could have provided the same limitations by setting forth the same words and language that appear in the No-Fault Law. That the policy chose to instead simply reference the section of the No-Fault Law's statutory threshold requirements as the policy's own description of what constitutes a "serious injury" under the policy, does not invoke the operation of the No-Fault Law itself.

The UM statute, section 627.727(7), clearly provides that insurance carriers like the defendant are not required to provide UM coverage for pain

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 6

431 F.Supp.2d 782
(Cite as: 431 F.Supp.2d 782)

and suffering or mental anguish unless the threshold requirements of 627.737(2) are met. Thus, the defendant was not required to provide the plaintiff with UM coverage for the damages he now seeks, and the UM policy that the defendant provided to the plaintiff clearly states this permissible limitation.

[4] The cases cited by the plaintiff, *Scherzer* and *Clausell,* indicate that the reason that motorcycles do not have to satisfy the threshold requirements under the No-Fault Law is because motorcycles are not deemed "motor vehicles" under the statute and as such are not subject to the mandatory insurance requirements. As such, motorcycles are not entitled to the *benefits* that come with the operation of the No-Fault Law (*i.e.,* the exchange of the fault-based recovery in tort for recovery, without a showing of fault, of economic damages and non-economic damages upon meeting certain threshold requirements). As the Florida courts have noted, to exclude a motorcyclist like the plaintiff from the statutory benefits of the No-Fault Law and to also bar him from a fault-based tort action would leave him without a remedy or right to recover at all. Here, however, the plaintiff is not left without a remedy or right to recover, because the UM policy provides for recovery of certain economic damages (lost wages, earning capacity, medical bills, property damages, etc.), as well as the recovery of certain non-economic damages if certain threshold requirements are met. Indeed, the plaintiff is provided, by the policy language, with the same benefits and limitations as the No-Fault Law would provide. Thus, even though a motorcycle is not a motor vehicle under the statute so as to avail itself of those statutory provisions, this policy language essentially provides the same benefits and limitations—even to motorcycles. Accordingly, the Court concludes that the plaintiff is not deprived of his constitutional right of access to the courts.

Florida courts have interpreted policy language identical to the language at issue in the instant case and have held that Florida UM coverage is not

available for non-economic type damages in the absence of the insured meeting one or more of the no-fault thresholds set forth in section 627.737(2). In *State Farm Mutual Automobile Insurance Co. v. Dixon,* 732 So.2d 1 (Fla.Dist.Ct.App.1999), the plaintiffs *788 sought UM benefits from their insurance carrier, arguing that they were not required to meet the threshold requirements of the No-Fault Law in order to recover UM benefits because the tortfeasor could not claim the No-Fault Law tort exemption. In so arguing, the plaintiffs relied upon an earlier case, *Dauksis v. State Farm Mutual Automobile Insurance Co.,* 623 So.2d 455 (Fla.1993), in which the Florida Supreme Court held that the injured motorist was not required to meet the threshold requirements of Fla. Stat. Ann. § 627.737 (2) in order to recover UM benefits for non-economic damages where the tortfeasor could not claim the No-Fault Law's tort exemption. *Id.* at 457. The District Court of Appeals in *Dixon* distinguished *Dauksis* on the basis that the policy language at issue in *Dauksis* provided broader coverage than that required by the statute because the policy provided that the insurer would pay damages for bodily injury that an insured "is legally entitled to collect from the owner or driver of an uninsured motor vehicle." *Dauksis,* 623 So.2d at 457. The *Dixon* Court explained as follows:

The insurance policy involved in *Dauksis* had the effect of providing greater coverage to an insured than that provided under the statute because State Farm contracted to cover the damages that its insured would be entitled to from the tortfeasor. Since *Dauksis,* and likely as a result of *Dauksis,* State Farm altered its policy language. The State Farm policy at issue herein provides that benefits for bodily injury are available under the UM coverage if "[t]he bodily injury [is a] serious injury as described in section 627.737(2) of the Florida Motor Vehicle No-Fault Law before we will pay for damages consisting of pain, suffering, mental anguish, or inconvenience." *The current policy language has the effect of limiting the insured's coverage to that which she or he is entitled to un-*

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

431 F.Supp.2d 782
(Cite as: 431 F.Supp.2d 782)

*der Florida law.*

*Dixon,* 732 So.2d at 2-3 (emphasis added). Accordingly, the *Dixon* Court held that the plaintiffs were required to meet policy requirements, which were the same as the threshold requirements of section 627.737(2)(a)-(d), before they could recover non-economic damages under their UM coverage. *Id.* at 3. The *Dixon* decision was recently followed in *Sternberg v. Allstate Insurance Co.,* 900 So.2d 732 (Fla.Dist.Ct.App.2005) (per curiam), which reaffirmed *Dixon's* holding that Florida UM coverage is not available for non-economic damages absent the insured satisfying at least one of the no-fault thresholds.

The policy language at issue in the present case is identical to the policy language discussed in *Dixon.* It limits the availability of UM coverage under the policy to only economic damages unless the insured suffers a bodily injury that is "serious" as that term is defined in the No-Fault Law.

The plaintiff's argument in this case would have merit only if the policy was limited to its first paragraph, which provides that the insurer "will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle." In that situation, the policy would read the same as the policy in the *Dauksis* case, and the result reached in that case obviously would apply. If that were the case, the plaintiff could recover damages for pain and suffering, mental anguish, and inconvenience without meeting the threshold requirements because the plain language of the policy would provide an unequivocal right to recover against the insurer any damages that the insured was "legally entitled to recover" from the uninsured motorist. *See Dauksis,* 623 So.2d at 457; *see also Newton v. Auto-Owners Ins. Co.,* 560 So.2d 1310, 1313 (Fla.Dist.Ct.App.1990) *789 (holding insurers were required to provide uninsured motorist coverage in accordance with the term of contracts which provided UM benefits for all damages the insured is "legally entitled to recover"). Although section 627.727 gives the insurer the

right to deny UM benefits for pain and suffering, mental anguish, and inconvenience unless the threshold requirements are met, there is nothing to prevent the insurer from providing broader UM coverage than what is provided for by that statute. Indeed, the insurers in both *Dauksis* and *Newton* had not availed themselves of the right to so limit the insured's recovery of UM benefits in their policy language. As such, the insurers in *Newton* and *Dauksis* actually provided more UM coverage to an insured than would have been provided under the statute.

The policies at issue in *Dauksis* and *Newton* did not contain the second paragraph that exists in the present policy, which states that "[t]he bodily injury must be a serious injury as described in section 627.737(2) of the Florida Motor Vehicle No-Fault Law before we will pay for damages consisting of pain, suffering, mental anguish, or inconvenience." This second paragraph was included in the policy at issue in *Dixon,* and the *Dixon* Court noted that this policy language was altered "likely as a result of *Dauksis.* " *Id.* at 2. The *Dixon* Court thus held that the new, additional policy language required the plaintiff to meet the threshold requirements before State Farm would be liable for non-economic damages. This Court notes that the policy before it contains the same limiting language as the State Farm policy language in *Dixon.* Accordingly, the policy language of the insurance policy requires the same result. Accordingly, under *Dixon,* Mr. Stakem is required to meet the threshold requirements of section 627.737(2) of the Florida No-Fault Law in order to recover for any non-economic damages under his UM coverage.

IV.

[5] Having determined that the No-Fault Law requirements as incorporated in the UM policy apply, the Court must now analyze whether Mr. Stakem has satisfied these requirements. State Farm contends, and Mr. Stakem agrees, that only section 627.737(2)(b), which addresses "permanent injury

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

431 F.Supp.2d 782
(Cite as: 431 F.Supp.2d 782)

within a reasonable degree of medical probability, other than scarring or disfigurement," is the only section of the statute implicated by this case.

Mr. Stakem argues that he satisfied this requirement because the arbitrator found that he had suffered a serious emotional injury as a result of the defendant's negligence. State Farm argues, on the other hand, (1) that the plaintiff has not produced any medical testimony to establish a "permanent injury within a reasonable degree of medical probability" within the meaning of section 627.737(2)(b) and (2) that the vast bulk of Mr. Stakem's injuries "result[ed] from" the injuries to Mrs. Stakem, and consequently all applicable per person limits under the State Farm policies in question have been fully exhausted by virtue of the presuit payment of the full policy limits to Mrs. Stakem.

The arbitrator described Mr. Stakem's injuries as follows:

Mr. Stakem was dazed and injured but he remembers being helped by a stranger who was tending to his head wound. He also had abrasions to his right elbow but his physical injuries were limited compared to his wife's injuries. He heard her crying and he could see her lying in the right lane of the highway some 10 to 15 feet from him. She was lying on her right side, her eyes were closed and blood was streaming out of one of her ears. He also said that she was "wiggling." *It is this image which has remained in Mr. Stakem's memory since the accident and it is an image *790 which forms a substantial part of his claim of damages in this case.*

[Doc. 11]. The arbitrator also described Mrs. Stakem's injuries and the extensive medical treatment she subsequently received. While Mrs. Stakem was at the Brain Injury Rehabilitation Center ("BIRC") in Orlando, Florida, she came under the care of Dr. Douglas J. Mason, a neuropsychologist. Dr. Mason testified that he and Mr. Stakem met fairly regularly for "informal therapy" while Mrs. Stakem was a patient at BIRC. [*Id.*]. Mr.

Stakem later began formal therapy sessions with Dr. Mason in November, 2004. After treating Mr. Stakem for several months, Dr. Mason diagnosed him with post traumatic stress disorder ("PTSD"), adjustment disorder with mixed emotions and some memory loss. Dr. Mason also opined that Mr. Stakem would need future psychotherapy. [*Id.*].

The arbitrator found that Mr. Stakem suffered a "serious emotional injury" and other damages that were the proximate and foreseeable results of the defendant's negligence. Specifically, the arbitrator noted that Dr. Mason testified that although Mr. Stakem has the potential to return to a reasonable level of functioning, he may never completely recover. [*Id.*].

The Court agrees with State Farm that Mr. Stakem has failed to establish that he sustained a "permanent" bodily injury within a reasonable degree of medical probability. Mr. Stakem presented no competent medical proof that any of his bodily injuries are permanent. In his deposition, Mr. Stakem stated that the only physical complaint that he had that was continuing was his back. [Stakem Dep. at 28]. There is no medical evidence, however, to indicate that Mr. Stakem's back injury, or any other bodily injury he sustained, is a permanent medical condition.[FN2]

> FN2. The Court further notes that the testimony of Dr. Mason, as a neuropsychologist, is of questionable competence on the issue of the permanency of any medical condition of the plaintiff within a reasonable degree of *medical* probability.

V.

For the foregoing reasons, the Motion for Summary Judgment by State Farm Mutual Automobile Insurance Company [Doc. 12] is GRANTED. The Motion for Summary Judgment by Plaintiff Daniel Joseph Stakem [Doc. 15] is DENIED.

**ORDER TO FOLLOW.**

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

431 F.Supp.2d 782
(Cite as: 431 F.Supp.2d 782)

E.D.Tenn.,2006.
Stakem v. Randolph
431 F.Supp.2d 782

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw

Slip Copy
Slip Copy, 2009 WL 3152810 (E.D.Tenn.)
(Cite as: 2009 WL 3152810 (E.D.Tenn.))

Page 1

Only the Westlaw citation is currently available.

United States District Court, E.D. Tennessee.
James Dearl SHUPE, Plaintiff,
v.
Solon K. SIMCOX, Susan D. Simcox, and Horace
Mann Insurance Company,
Defendants.
No. 1:09-CV-138.

Sept. 28, 2009.

Douglas B. Abrams, Noah B. Abrams, Abrams &
Abrams, P.A., Raleigh, NC, James R. McKoon,
Karen Kiefer Wilson, McKoon, Williams and
Haun, Chattanooga, TN, for Plaintiff.

Douglas M. Campbell, Campbell & Campbell, N.
Mark Kinsman, Baker, Kinsman, Hollis, Clelland &
Winer, PC, Chattanooga, TN, for Defendants.

*MEMORANDUM*
CURTIS L. COLLIER, Chief Judge.

*1 Before the Court are motions to strike or dismiss
filed by Defendants Solon and Susan Simcox
(Court File No. 10) and Horace Mann Insurance
Company (Court File No. 11) (collectively "Defend-
ants"). Plaintiff James Shupe responded to Solon
and Susan Simcox's motion to dismiss (Court File
No. 14) and also responded to the motion to dismiss
filed by Horace Mann Insurance Company (Court
File No. 15). For the following reasons, Defendants'
motions to strike or dismiss will be **DENIED**
(Court File Nos. 10, 11).

I. FACTS

Plaintiff James Shupe ("Plaintiff") seeks damages
for personal injuries sustained when he was struck
as a pedestrian in Marion County, Tennessee, by a
vehicle owned by Defendant Susan Simcox and
driven by Defendant Solon Simcox (Court File No.
1 ("Compl.")). Plaintiff also named as a defendant,
Horace Mann Insurance Company ("Horace Mann")

because at the time of the injury, Plaintiff had a
policy that included underinsured/uninsured motor-
ist coverage (Compl.¶¶ 39-48). Plaintiff anticipates
due to the extent of his injuries, Solon Simcox's in-
surance policy with Tennessee Farmers Mutual In-
surance Company will be insufficient to com-
pensate Plaintiff for his full damages and Solon
Simcox is thus an underinsured motorist as defined
by the insurance policy purchased from Horace
Mann (Compl.¶ 45). Plaintiff has made a demand
on Horace Mann for the underinsured motorist cov-
erage but Horace Mann has failed or refused to pay
the full amount of the claim pursuant to the terms
of its contract with Plaintiff (Compl.¶ 46).

Defendants Solon and Susan Simcox and Horace
Mann have both filed motions to dismiss the com-
plaint and/or strike all mention of Horace Mann and
Defendant Solon Simcox's insurance company,
Tennessee Farmers Mutual Insurance Company
(Court File Nos. 10, 11).

II. STANDARD OF REVIEW

Motion to Dismiss

When reviewing a Fed.R.Civ.P. 12(b)(6) motion to
dismiss, the Court must construe the complaint in
the light most favorable to the plaintiff, *Bloch v.
Ribar*, 156 F.3d 673, 677 (6th Cir.1998), accept the
complaint's factual allegations as true, *Broyde v.
Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th
Cir.1994), and determine whether plaintiff has
pleaded "enough facts to state a claim to relief that
is plausible on its face." *Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d
929 (2007). A complaint need only contain a "short
and plain statement of the claim showing that the
pleader is entitled to relief," *Ashcroft v. Iqbal*, ---
U.S. ----, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)
(quoting Fed.R.Civ.P. 8(a)(2)), but that statement
must contain "factual content that allows the court
to draw the reasonable inference that the defendant
is liable for the misconduct alleged." *Id.*

EXHIBIT
E

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy
Slip Copy, 2009 WL 3152810 (E.D.Tenn.)
(Cite as: 2009 WL 3152810 (E.D.Tenn.))

In deciding a motion to dismiss, the question is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). At the same time, bare assertions of legal conclusions are insufficient, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988). Unsupported allegations and legal conclusions "masquerading as factual conclusions" are not sufficient. *Mezibov v. Allen,* 411 F.3d 712, 716 (6th Cir.2005).

**Motion to Strike**

*2 Rule 12(f) allows a party to move to strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Motions to strike "are generally disfavored, but are within the sound discretion of the district court." *Fed. Savings & Loan Ins. Corp. v. Burdette,* 696 F.Supp. 1183, 1186 (E.D.Tenn.1988). To prevail on a motion to strike, the movant must show the challenged matter is "so unrelated to plaintiff's claims as to be void of merit and unworthy of any consideration. Further, the movant must establish that the presence of the references to be stricken from the pleading will be prejudicial to the moving party." *Robinson v. Midlane Club, Inc.,* No. 94-C-1459, 1994 WL 557219, at * 2 (N.D.Ill. Oct. 18, 1994) (citing *Pelech v. Klaff-Joss, L.P.,* 828 F.Supp. 525, 536-37 (N.D.Ill.1993)).

**III. DISCUSSION**

Defendants submit similar arguments for dismissal under Fed.R.Civ.P. 12(b)(6) and for striking portions of the complaint under 12(f). Thus, the Court will consider these motions together.

**A. Choice of Law**

In a diversity action, brought pursuant to 28 U.S.C. § 1332, the Court, sitting in Tennessee, must apply the substantive law, including the choice of law rules, of the forum state, that is, Tennessee. *Hayes v. Equitable Energy Res. Co.,* 266 F.3d 560, 566 (6th Cir.2001) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)). The parties do not dispute that Tennessee law governs Plaintiff's tort claims against both Solon and Susan Simcox. *See Hataway v. McKinley,* 830 S.W.2d 53, 59 (Tenn.1992) (adopting the "most significant relationship" approach, "the law of the state where the injury occurred will be applied unless some other state has a more significant relationship to the litigation"). The injuries occurred in Marion County, Tennessee, and thus Tennessee law will govern Plaintiff's tort claims against Solon and Susan Simcox.

At issue is the source of governing law for Plaintiff's claim against Horace Mann. In support of their motions to dismiss, Defendants assert Plaintiff has not complied with Tenn.Code Ann. § 56-7-1206 by filing suit against Horace Mann, the insurance carrier, directly (Court File Nos. 10-1, 12). Section 56-7-1206, which governs the procedure for making an uninsured motorist claim in the state of Tennessee, provides in part:

> any insured intending to rely on the coverage required by this part shall, if any action is instituted against the owner and operator of an uninsured motor vehicle, serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though the insurance company were a party defendant ... evidence of service upon the insurance carrier shall not be made part of the record.

Tenn.Code Ann. § 56-7-1206(a).

In Plaintiff's responses to Defendants' motions to dismiss, he asserts he has complied with Florida law, which allows both the tort action and the contract claim for underinsured motorist benefits to be brought at the same time in the same proceeding. Based on the facts alleged in Plaintiff's complaint,

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

this Court agrees Florida law will govern the contract claim between Plaintiff and Horace Mann. "Tennessee follows the rule of *lex loci contractus*. This rule provides that a contract is presumed to be governed by the law of the jurisdiction in which it was executed absent a contrary intent." *Vantage Tech., LLC v. Cross*, 17 S.W.3d 637, 650 (Tenn.Ct.App.1999) (citing *Ohio Cas. Ins. Co. v. Travelers Indem. Co.*, 493 S.W.2d 465, 467 (Tenn.1973)). Plaintiff, a citizen of Florida, entered into the insurance contract with Horace Mann at a local office in Florida and following *lex loci contractus*, Florida law governs the claims arising out of the insurance contract.

**\*3** This conclusion is further supported by the Court's decision in *Stakem v. Randolph*, where the Court determined because plaintiffs were both residents of Florida, and the subject insurance policies were written and delivered to them in the State of Florida, Florida law would govern the interpretation of their policies. 431 F.Supp.2d 782, 785 (E.D.Tenn.2006) (involving a motor vehicle accident where the parties' agreement to arbitrate liability and damages under procedures of Tennessee uninsured motorist arbitration statute did not extend to issues regarding coverage which were to be resolved using Florida law).

**B. Application of Florida Law**

Unlike Tennessee, Florida law allows a plaintiff to file suit against the driver in tort and against the insurance carrier in contract in the same proceeding. *See, e.g., Vaughn v. Progressive Cas. Ins. Co., et al.*, 907 So.2d 1248, 1250 (Fl.Dist.Ct.App.2005) ("[Plaintiff] filed personal injury action seeking benefits under the uninsured/underinsured coverage of his automobile insurance policy issued by Progressive American Insurance Company. He also sought damages from [Defendant] which [Plaintiff] claims had been involved in the construction and repair work."); *State Farm Fire & Cas. Co. v. Levine*, 875 So.2d 663 (Fl.Dist.Ct.App.2004) (involving appeal by defendant driver and underinsured motorist carrier after automobile accident victim brought action

against both and obtained jury verdict); *Newman v. State Farm Mut. Auto. Ins. Co.*, 858 So.2d 1205, 1206 (Fl.Dist.Ct.App.2003) (Plaintiff "filed suit against [driver] in January 1998. In January 1999, [Plaintiff] amended her complaint to add a count against State Farm, her uninsured/underinsured motorist insurance carrier.").

Because Florida law will govern the provisions of the insurance contract between Horace Mann and Plaintiff under Tennessee's conflict of law rules, Plaintiff may continue to maintain a direct suit against Horace Mann. The Court thus finds Plaintiff's complaint against Defendants Horace Mann, Solon and Susan Simcox plausible on its face and it should not be dismissed for failure to state a claim under Fed.R.Civ.P. 12(b)(6). The Court does not assess the merits of the allegations or the likelihood of success at the pleadings stage.

Defendants' motions to strike portions of Plaintiff's complaint are also denied. Defendants seek to strike the paragraphs of Plaintiff's complaint that assert Plaintiff's breach of contract claim against Horace Mann. As this Court has discussed, Plaintiff may maintain this contract claim against Horace Mann under Florida law and thus, these portions of the complaint are not considered "redundant, immaterial, impertinent, or scandalous matter" under Fed.R.Civ.P. 12(f). Defendants have failed to meet their burden under Rule 12(f).

**III. CONCLUSION**

For the foregoing reasons, the Court will **DENY** Defendants' motions to dismiss (Court File Nos. 10, 11).

**\*4** An Order shall enter.

Slip Copy, 2009 WL 3152810 (E.D.Tenn.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2008 WL 4057072 (N.D.Miss.)
(Cite as: 2008 WL 4057072 (N.D.Miss.))

Page 1

C
Only the Westlaw citation is currently available.

United States District Court,
N.D. Mississippi,
Western Division.
Robert ETHERIDGE, Plaintiff
v.
LIBERTY MUTUAL INSURANCE COMPANY
and Ahart Wilson, Jr., Defendants.
Civil Action No. 3:08CV004-SA-DS.

Aug. 26, 2008.

Drayton Durell Berkley, Memphis, TN, for Plaintiff.

Jeffrey Keith Pearson, Timothy Michael Peeples, Daniel, Coker, Horton & Bell, Oxford, MS, for Defendants.

### MEMORANDUM OPINION GRANTING MOTION TO REMAND AND DENYING MOTION TO SEVER
SHARION AYCOCK, District Judge.

*1 Presently before the Court is the Plaintiff's Motion to Remand this matter to the Circuit Court of Marshall County, Mississippi pursuant to 28 U.S.C. § 1447. In opposition to remand, Liberty Mutual Insurance Company filed a Motion to Sever Misjoined Parties. The parties' motions have now been fully briefed and the Court, having considered the memoranda of authorities submitted by the parties, concludes that Plaintiff's Motion to Remand is granted, and Defendant Liberty Mutual's Motion to Sever is denied.

### I. Factual and Procedural Background
On April 28, 2005, Plaintiff was involved in an automobile accident with Defendant Wilson. Thereafter, Plaintiff filed this action in the Circuit Court of Marshall County, Mississippi, on December 4, 2007, asserting state law claims for, *inter alia*, negligence against Defendant Wilson and bad faith refusal to pay uninsured motorist benefits against Defendant Liberty Mutual.

Liberty Mutual timely removed this action on January 10, 2008, on the basis of diversity jurisdiction, alleging that the Plaintiff's claims against the Defendants have been improperly joined in this single action. Thereafter, Plaintiff motioned the Court to remand this matter to state court. While the parties do not contest the amount in controversy, the Plaintiff states that removal was not proper because Defendant Wilson is a resident of Mississippi. In response, Liberty Mutual asserts that remand is not proper because the forum Defendant, Ahart Wilson, Jr., is improperly joined and requests severance under Federal Rule of Civil Procedure 21.

### II. Standard for Remand
The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the districts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a); *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir.2000).

Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995). After removal of a case, the plaintiff may move for remand, and "[i]f it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir.1996); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100,

© 2010 Thomson Reuters. No Claim to Orig. US Gov. 

Not Reported in F.Supp.2d                                                                                      Page 2
Not Reported in F.Supp.2d, 2008 WL 4057072 (N.D.Miss.)
(Cite as: 2008 WL 4057072 (N.D.Miss.))

108-9, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

### III. Discussion

#### A. Removal

**\*2** This matter presently before the court deviates from a majority of state court actions removed to federal court. Plaintiff asserts that the Court lacks jurisdiction because this action contains a Defendant from the forum state, Mississippi. For removal to be proper, none of the parties in interest can be a citizen of the State where the action was brought. 28 U.S.C. § 1441(b). The Plaintiff is a resident citizen of Tennessee. Defendant Liberty Mutual is an insurance company organized and existing under the laws of the State of Massachusetts with its principal place of business in Massachusetts. However, Defendant Wilson is a resident citizen of Mississippi. The Plaintiff filed this action in Marshall County, Mississippi, because a substantial part of the events giving rise to the Plaintiff's claim occurred there. Consequently, the requirements for removal are more stringent in such a case. Specifically, Congress has placed a limit on removal when the case is filed in a state and a resident defendant is properly joined. 28 U.S.C. § 1441(b).

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove any civil action of which the district courts of the United States have original jurisdiction. However, the defendant must meet the requirements set out in Section 1441(b). Under 28 U.S.C. § 1441(b), when a court's jurisdiction is "founded on a claim or right arising under the Constitution, treaties, or laws of the United States," the action is removable regardless of the citizenship of the parties. 28 U.S.C. § 1441(b). However, if the court does not have federal question jurisdiction and any of the defendants is a citizen of the state where the plaintiff brought suit, the action is not removable. *See Id.*

Even though Defendant Wilson is a resident of Mississippi, this will not destroy federal jurisdiction if the Court finds that he has been has been improperly joined in order to defeat federal jurisdiction.

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305 (5th Cir.2002); *Rodriguez v. Sabatino,* 120 F.3d 589, 591 (5th Cir.1997). However, should the Court find that the forum defendant is appropriately joined then federal diversity jurisdiction is lacking, and the Court must remand this matter to state court. *See Travis v. Irby,* 326 F.3d 644 (5th Cir.2003).

#### B. Misjoinder of Claims

Misjoinder of claims as a ground for disallowing remand was first adopted by the United States Court of Appeals for the Eleventh Circuit, and has subsequently been mentioned by the Fifth Circuit. *See Tapscott v. Miss. Dealer Service Corp.,* 77 F.3d 1353 (11th Cir.1996); *In re Benjamin Moore & Co.,* 309 F.3d 296 (5th Cir.2002). Mere misjoinder of claims, however, does not rise to the level of fraudulent misjoinder; to rise to that level, the misjoinder must be totally unsupported or "egregious" misjoinder. *Tapscott,* 77 F.3d at 1360; *Sweeney v. Sherwin Williams Co.,* 304 F.Supp.2d 868, 872 (S.D.Miss.2004).

**\*3** The courts of this state have held that in a removed case, the question whether there has been fraudulent or improper misjoinder is determined by the state's rules on joinder. *See Palmero v. Letourneau Technologies, Inc.,* 542 F.Supp.2d 499, 516 (S.D.Miss.2008)(explaining that "[b]y utilizing the state rule 20, the district court recognizes the contours of its own jurisdiction in relation to the action as it was originally brought."). *Mohamed v. Mitchell,* 2006 WL 212218, \*1 (N.D.Miss.2006) (stating that "[i]n determining whether any such egregious misjoinder has taken place in the case, Rule 20 of the Mississippi Rules of Civil Procedure applies"); *Jackson v. Truly,* 307 F.Supp.2d 818, 824 (N.D.Miss.2004) (reasoning that "since fraudulent misjoinder claims are clearly analogous to fraudulent joinder claims, and to the extent applying Mississippi Rule 20 instead of Federal Rule 20 will affect the outcome of a fraudulent misjoinder case, the Court will apply the Mississippi rule").

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d                                                                                          Page 3
Not Reported in F.Supp.2d, 2008 WL 4057072 (N.D.Miss.)
(Cite as: 2008 WL 4057072 (N.D.Miss.))

Defendant Liberty Mutual contends that the Plaintiff misjoined his claim against Defendant Liberty Mutual with his claim against forum Defendant Wilson. Plaintiff asserted claims against Liberty Mutual for, *inter alia,* breach of contract in connection with the subject April 28, 2005, car accident and against Wilson for negligence in connection with the accident.

As noted above, Rule 20 of the Mississippi Rules of Civil Procedure governs the joinder of the parties in this action. Rule 20 provides that:

> All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of actions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Miss. R. Civ. P. 20(a).

In order for the joinder of the defendants to be proper in this case, there must be both common questions or fact and the rights asserted must arise out of the same transaction or series of transactions. *Id.; Mercer v. Moody,* 918 So.2d 664, 666 (Miss .2005). The United States Supreme Court has held that the joinder of defendants is encouraged so long as there are enough ultimate factual concurrences that it would be fair to the defendants to require them to defend jointly. *United Mine Workers v. Gibbs,* 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

In the present case, there are common questions of law and fact that link the Plaintiff's allegations to both Defendants, and that the rights asserted by the Plaintiff against the Defendants arise out of the same transaction or series of transactions. The Plaintiff's allegations against the Defendants arise from their purported conduct relating to the car accident, and the ensuing insurance disputes, that occurred between the Plaintiff and Defendant Wilson on April 28, 2005. Moreover, the Mississippi Supreme Court has held that separate claims against a negligent tortfeasor and the injured party's insurer

relating to the same car accident arise out of the "same transaction, occurrence, or series of transactions or occurrences" under Rule 20, and that such an accident is a distinct litigable event for Rule 20 purposes. *Mercer,* 918 So.2d at 666.

*4 This Court holds that the subject car accident constitutes a distinct litigable event for Rule 20 purposes, and there are common questions of law and fact that link Plaintiff's allegations to both Defendants. Defendant Liberty Mutual has failed to prove that Defendant Wilson was improperly joined in order to defeat federal jurisdiction. Thus, Wilson is a proper party and jurisdiction is proper in state court. Accordingly, Plaintiff's Motion to Remand is granted.

C. Severance of Parties

As to Liberty Mutual's request for severance, Mississippi Rule of Civil Procedure 21 provides:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeding with separately.

Miss. R. Civ. P. 21.

Rule 21 applies, for example, when the joined parties do not meet the requisites of Rule 20. Cite Comment to Rule 21. Having established that the joined Defendants meet the requisites of Rule 20, this Court denies Liberty Mutual's Motion to Sever Misjoined Parties.

IV. Conclusion

Liberty Mutual has failed to meet its burden of showing that this Court has jurisdiction over this matter. The Court further finds that Liberty Mutual has failed to prove that Defendant Wilson was improperly joined in order to defeat federal jurisdiction. Accordingly, the Court concludes that Plaintiff's Motion to Remand is GRANTED, and Defendant Liberty Mutual's Motion to Sever is DENIED.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d                                                    Page 4
Not Reported in F.Supp.2d, 2008 WL 4057072 (N.D.Miss.)
(Cite as: 2008 WL 4057072 (N.D.Miss.))

A separate order in accordance with this opinion
shall issue this day.

**SO ORDERED.**

Not Reported in F.Supp.2d, 2008 WL 4057072
(N.D.Miss.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 212218 (N.D.Miss.)
(Cite as: 2006 WL 212218 (N.D.Miss.))

Page 1

**c**
Only the Westlaw citation is currently available.

United States District Court,
N.D. Mississippi, Greenville Division.
Deborah MOHAMED Plaintiff
v.
Christine MITCHELL; et al. Defendants
No. 4:05CV96-D-B.

Jan. 24, 2006.

Myles A. Parker, Carroll Warren & Parker, PLLC,
Jackson, MS, for Plaintiff.

Kenneth T. O'Cain, Clark, Scott & Streetman, Mi-
chael A. Heilman, Heilman Kennedy Graham, PA,
Jackson, MS, for Defendants.

*OPINION GRANTING MOTION TO REMAND*
DAVIDSON, Chief J.

*1 Presently before the court is the Plaintiff's mo-
tion to remand this matter to the Circuit Court of
Humphreys County, Mississippi. Upon due consid-
eration, the court finds that the motion should be
granted and this casue remanded to state court for
ultimate resolution.

*A. Factual Background*
On June 15, 2002, the Plaintiff was involved in an
automobile accident with the Defendant Christine
Mitchell. Thereafter, on March 21, 2005, the
Plaintiff filed this action in the Circuit Court of
Humphreys County, Mississippi, asserting claims
for, *inter alia*, negligence and breach of contract.
The Defendants removed the action to this court on
April 20, 2005, on the basis of diversity jurisdic-
tion, alleging that the Plaintiff's claims against the
Defendants have been improperly joined in this
single action. The Plaintiff subsequently motioned
the court to remand this matter to state court.

*B. Standard for Remand*
The Judiciary Act of 1789 provides that "any civil

action brought in a State court of which the district
courts of the United States have original jurisdic-
tion, may be removed by the defendant or the de-
fendants, to the district court of the United States
for the district and division embracing the place
where such action is pending." 28 U.S.C. § 1441(a).
Original federal diversity jurisdiction exists "where
the matter in controversy exceeds the sum or value
of $75,000.00, exclusive of interest and costs, and
is between ... citizens of different States." 28 U.S.C.
§ 1332(a); *Sid Richardson Carbon & Gasoline Co.
v. Interenergy Res., Ltd.,* 99 F.3d 746, 751 (5th
Cir.1996). After removal of a case, the plaintiff
may move for remand, and "[if] it appears that the
district court lacks subject matter jurisdiction, the
case shall be remanded." 28 U.S.C. § 1447(c). In
the case *sub judice,* there is no dispute that the
amount in controversy exceeds $75,000. The
Plaintiff, however, asserts that the court does not
possess diversity jurisdiction because this action is
not between citizens of different states, as is re-
quired by 28 U.S.C. § 1332.

Here, the Plaintiff and the Defendant Christine
Mitchell are indisputably citizens of the State of
Mississippi. This fact, however, will not destroy
federal diversity jurisdiction if the Plaintiff has
fraudulently misjoined her claims against Mitchell
with her claims against the remaining Defendants.
Misjoinder of claims as a ground for disallowing
remand was first adopted by the United States
Court of Appeals for the Eleventh Circuit, and has
subsequently been mentioned by the Fifth Circuit.
*See Tapscott v. MS Dealer Service Corp.,* 77 F.3d
1353 (11th Cir.1996); *In re: Benjamin Moore &
Co.,* 309 F.3d 296 (5th Cir.2002). Mere misjoinder
of claims, however, does not rise to the level of
fraudulent misjoinder; to rise to that level, the mis-
joinder must be totally unsupported or "egregious"
misjoinder. *Tapscott,* 77 F.3d at 1360; *Sweeney v.
Sherwin Williams Co.,* 304 F.Supp.2d 868, 872
(S.D.Miss.2004). In determining whether any such
egregious misjoinder has taken place in this case,



© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 212218 (N.D.Miss.)
(Cite as: 2006 WL 212218 (N.D.Miss.))

Rule 20 of the Mississippi Rules of Civil Procedure applies. *Sweeney,* 304 F.Supp.2d at 872-73; *Jamison v. Purdue Pharma Co.,* 251 F.Supp.2d 1315 (S.D.Miss.2003).

**\*2** Finally, federal courts are to construe removal statutes "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.,* 97 F.3d 100, 106 (5th Cir.1996); *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).

### C. Discussion
#### 1. Misjoinder of Claims/Defendants
The Defendants assert that the Plaintiff has egregiously misjoined her claim against the Defendant Mitchell with her claims against the other Defendants. The Plaintiff has asserted claims against her insurer and others for, *inter alia,* breach of contract in connection with the subject June 15, 2002, accident, and against Mitchell for negligence in connection with the accident.

As noted previously, Rule 20 of the Mississippi Rules of Civil Procedure governs the joinder of the parties in this action; it provides that:
> All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Miss. R. Civ. P. 20(a).

Thus, in order for the joinder of multiple defendants to be proper in this case, there must be both common questions of law or fact and the rights asserted must arise out of the same transaction or series of transactions. *Id.; Mercer v. Moody,* No.2004-IA-01351-SCT, 2005 WL 1385205, at \*2 (Miss. May 26, 2005). The United States Supreme Court has held that, in general, the joinder of defendants is encouraged so long as there are enough ultimate factual concurrences that it would be fair to the defendants to require them to defend jointly.

*United Mine Workers v. Gibbs,* 383 U.S. 715, 724, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

Here, there is no question that common questions of law and fact link the Plaintiff's allegations to all of the Defendants, and that the rights asserted by the Plaintiff against all the Defendants arise out of the same transaction or series of transactions. The Plaintiff's allegations against all Defendants stem from their purported conduct relating to the automobile accident, and the ensuing insurance disputes, that occurred between the Plaintiff and the Defendant Mitchell on June 15, 2002. In addition, the Mississippi Supreme Court has recently held that separate claims against a negligent tortfeasor and the injured party's insurer relating to the same automobile accident arise out of the "same transaction, occurrence, or series of transactions or occurrences" under Rule 20, and that such an accident is a distinct litigable event for Rule 20 purposes. *Mercer,* No.2004-IA-01351-SCT, 2005 WL 1385205, at \*2.

The court holds, therefore, that the Defendants' misjoinder argument fails. The Plaintiff has sued all of the Defendants for conduct related to a single event: the June 15, 2002, automobile accident between the Plaintiff and the Defendant Mitchell; and there are questions of fact and law common to all defendants that will arise in this action. Accordingly, the court finds that no egregious misjoinder has taken place in this case.

### D. Conclusion
**\*3** In sum, the court finds that the Defendants' argument concerning the potential misjoinder of the Plaintiff's claims against them is without merit. As such, the Plaintiff's motion to remand shall be granted pursuant to 28 U.S.C. § 1447(c) and this cause shall be remanded to the Circuit Court of Humphreys County for ultimate resolution.

A separate order in accordance with this opinion shall issue this day.

This the 23rd day of January 2006.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d                                                    Page 3
Not Reported in F.Supp.2d, 2006 WL 212218 (N.D.Miss.)
**(Cite as: 2006 WL 212218 (N.D.Miss.))**


Not Reported in F.Supp.2d, 2006 WL 212218
(N.D.Miss.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.